# Central City v. Snodgrass et al.

(Decided March 25, 1930.)

(As Modified, on Denial of Rehearing, June 17, 1930.)

WILKINS, SPARKS & JONES for appellant.

BELCHER & BELCHER for appellees.

Opinion of the Court by Commissioner Stanley— Dismissing as to John Snodgrass and affirming as to Bertha Snodgrass.

The appellees, Bertha Snodgrass and her husband, John Snodgrass, filed a joint petition against the appellant to recover damages, the one for personal injuries and the other for damages to his automobile and loss of time waiting on his wife, by reason of the machine, which was being driven by Mrs. Snodgrass, falling into a deep hole in a street of the city. There was a judgment for $795.50 in favor of Mrs. Snodgrass, and $110 in favor of her husband. Although there was a misjoinder of actions, by tacit agreement the two cases were heard together and are prosecuted as one appeal.

We may, without further reference, dismiss the appeal as to John Snodgrass because the amount involved is insufficient for the jurisdiction of this court.

Second and Third streets are paved and parallel, and run north and south. Third street terminates at a public park and at a cross street called Whitmer avenue, which was not paved; but it had been partially graded some years before, and cinders had been placed in the center making a travel way eight or ten feet wide. The park abuts on this avenue. About midway between Second and Third streets is a ditch or water drain crossing Whitmer avenue through a tile culvert under the driveway, and under a small wood bridge at the sidewalk, or rather at the side of the street used by pedestrians. Between the end of the culvert (two or three feet from the traveled part of the street) and this little bridge, there was left a hole seven or eight feet in width and eight or ten feet long. There was evidence that this hole had been permitted to grow up in high weeds and grass, although there is contradictory evidence as to that matter. A small sycamore tree, variously stated to be three to six inches in diameter, had been left at the east edge of this hole four or five feet from the roadway.

About ten o'clock on the night of July 4, 1927, Mrs. Snodgrass left the park where a public picnic was in progress and drove down Whitmer avenue from Third to Second street, although it appears that traffic was being directed through Third street and that Whitmer avenue had been reserved for traffic moving in the opposite direction. Mrs. Snodgrass testified that she was driving slowly along the street and had run through weeds and grass at its edge and continued this course

without knowledge of the hole, which, she says, was concealed by the weeds and undergrowth. It appears that just about the time she reached the culvert she met another car coming in the opposite direction, and because of the narrow passage-way there was difficulty in the two cars passing at the place. She turned to the right edge of the street or roadway and struck and broke off the sycamore tree above referred to. Her car turned upside down in the hole, resulting in her injury. The evidence in behalf of the city was that the opening was clearly visible even at night because of the electric lights at the street intersections, and also in the park adjacent thereto. It is also shown that there was ample room for the machines to have passed in safety.

The situation and circumstances described in City of Lancaster v. Broaddus, 186 Ky. 226, 216 S. W. 373, are very similar to those existing in the case now before us. The opinion reviews and clearly states the law applicable. The liability of the city in this case is established by that opinion. We shall therefore refer only to the special points raised here and not therein considered.

It is argued that the demurrer to the petition should have been sustained because it did not charge in specific terms that the city knew, or by the exercise of ordinary care could have known, of the condition. It was alleged that the city had negligently permitted the hole or ditch to be and remain in the street, and had permitted grass and weeds to grow in and along the edges of the hole in such manner as to conceal its existence from persons traveling the street. While admitting that before the appellant could be held liable for the injuries sustained by appellee she must allege and prove facts showing that the city did know or by the exercise of ordinary care should have known of the defects in the streets and have cured them, yet it is argued by appellee that the allegation was sufficient, and that it brought the case within that line which holds that where dangerous conditions were of a character and extent that they must have existed for such a great length of time that the city authorities are presumed to have known of them, notice is imputed. The weeds and grass described could not have grown to the extent alleged, except over a considerable period of time. Eagan v. City of Covington, 166 Ky. 825, 179 S. W. 1026; City of Richmond v. Hill, 195 Ky. 566, 242 S. W. 867.

It would perhaps have been better pleading to have made in terms the allegations respecting notice of the

city. But having stated conditions which were bound to have existed for such a length of time as to raise the presumption of notice, it was sufficient to bring the case within the opinions last cited; especially since judgment. At most, the criticism is technical, and the point cannot be sustained.

It is contended that the court should have directed a verdict for the defendant on the ground that the evidence did not prove that the city had exercised any authority or control over the ditch, or the space at the side of the driveway, and that same could not be considered as part of the street. It is admitted that witnesses did testify that the city had done some grading and placing of cinders in the center of the street. Supplementing this admission, it was further proved that employees of the city in doing the work had purposely left the small sycamore tree at the edge of the hole and at one time had placed a barrier along its edge, although there was none there at the time of this accident. The City of Lancaster case above cited fully covers this point.

No error was committed in permitting the introduction of some pictures of the scene of the accident on the ground that the witness did not develop the negatives, for it was clearly established by the one who took the pictures that they correctly represented the situation. McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100; Nunneiley's Adm'r v. Muth, 195 Ky. 352, 242 S. W. 622, 27 A. L. R. 910.

The instructions given the jury are, in the opinion of the court, not susceptible to the criticisms offered, for they clearly and fairly submit the issues.

Fortunately the plaintiff was not seriously injured when the automobile turned upside down in this hole, but she suffered some painful cuts and bruises and unquestionably underwent great mental anguish. She also lost some time from work, and incurred a small doctor's bill. We do not regard the amount of the judgment so high as to meet the requirements necessary to demand a reversal.

The appeal as to John Snodgrass is dismissed.

The judgment as to Bertha Snodgrass is affirmed.