**ALLEN v. DILLMAN.**

Court of Appeals of Kentucky.
May 16, 1952.

Henry L. Bryant, Pineville, Garfield R. Drinnon, Arthur Rhorer, Middlesboro, for appellants.

Robert J. Watson, Middlesboro, for appellee.

LATIMER, Justice.

This action was instituted by appellee against Roscoe Allen, d. b. a. Middlesboro-LaFollette Bus Line, and City of Middlesboro to recover damages for personal injuries received at the intersection of Winchester Avenue and 34th Street in Middlesboro while alighting from a bus operated by appellant, Roscoe Allen. Judgment in the sum of $5400 was obtained against both. Both are here urging reversal.

As a defense, the city of Middlesboro pleaded a contract between the city and the Department of Highways pursuant to KRS 177.041 to 177.047, whereby the Highway Department took over Winchester Avenue and assumed responsibility for its maintenance. It is urged that it was entitled to a directed verdict because that contract relieved the city of all responsibility on account of maintenance of Winchester Avenue and shifted the responsibility to the Department of Highways, and further that it was error for the court to have overruled the demurrer to the pleaded defense, then afterwards to hold the defense invalid by submitting the case to the jury.

That position is not tenable in view of the facts and circumstances herein. It was alleged and proven that rock that had been placed on 34th Street had been allowed to collect in piles, ridges and rows, caused by cars turning off Winchester Avenue on to 34th Street and vice versa. This rock, which had been thus collected, had been placed on 34th Street by the city, which street the city maintained. Thus, if there was any negligence on the part of the city, it was in the maintenance of 34th Street. It could hardly be said that if the city by its own act had carelessly left a city dump truck on Winchester Avenue and same had been the proximate cause of an accident, that the city would not be responsible because it was the duty of the Highway Department to maintain the street. We find no merit in this contention.

The city next contends that it was entitled to a directed verdict because Mrs. Dillman was guilty of contributory negligence as a matter of law. We shall consider this question in connection with the same question raised by appellant, Roscoe Allen.

Appellant Allen urges six grounds of error which merge into two principal grounds.: (1) that he was entitled to a directed verdict on the issue of contributory negligence; (2) error in instructions in charging appellant Allen with the highest degree of care rather than ordinary care. We shall consider these in reverse order.

It is contended by appellant that he should have been charged with only ordinary care in stopping as he did at the particular place for Mrs. Dillman to alight. Briefly and in substance the facts are these: Mrs. Dillman, who had lived on 34th Street for about 5 years prior to the time of the accident, on the day of the accident had walked down 34th Street and had taken a bus at this intersection. Winchester Avenue is 80 feet wide and improved with hard black-top surface. 34th Street is surfaced with small limestone rock or gravel. On the return trip, the bus stopped at the intersection of these streets for Mrs. Dillman to alight. The evidence shows that when the bus stopped for Mrs. Dillman to get off it was entirely on the hard surface, with the front wheel next to Mrs. Dillman about 6 inches from the edge and about the middle of 34th Street. Mrs. Dillman stepped from the bus on to loose rock or gravel at the intersection and either skidded on the rock, or the rock being soft, the heel of her shoe went into the rock causing her to fall and fracture her ankle.

It is unnecessary for us to discuss at length the degree of care since the accepted rule is that common carriers are required to exercise the highest degree of care toward their passengers, which duty not only exists while the passenger is in transit but continues until he has safely alighted from the vehicle, or at least has been given an opportunity to alight. See Louisville & N. R. Co. v. Scarbrough, 208 Ky. 79, 270 S.W. 494.

See also Hensley v. Braden, 262 Ky. 672, 91 S.W.2d 34. It is the duty of carriers to stop at reasonably safe places for passengers to alight. We conclude from this evidence that 34th Street has no sidewalks, since appellee stated in her testimony that she walked on the smooth part of surfaced street on her way to the bus. The stopping of the bus at the middle of the intersection for appellee to alight and proceed down 34th Street was apparently the plausible thing to do for the convenience of the passenger. The only negligence, if any, was in stopping the bus at a place where the passenger must alight on a pile of crushed rock, the existence of which was known or should have been known to the driver and in its condition was a dangerous place for the passenger to alight. On the face of it, the condition of the collected rock would not be such a hazard that the stopping of the bus at that place would ipso facto create liability. Knowledge and appreciation of the danger enter into the picture. We think the instruction, requiring the highest degree of care up to the point of alighting, which carries with it the selection of the place to stop, was proper.

We come to the more bothersome question of whether or not appellants were entitled to a directed verdict on the ground of contributory negligence. As stated above, appellee had lived for a number of years on 34th Street. According to her testimony, she passed this point of intersection twice a week. She stated that she did not particularly observe on this morning that the rock had been pushed in piles, but that sometime prior thereto she had observed this condition. By her own statement, appellee saw the rock before she stepped off. She deliberately stepped into it. She had knowledge in common with the bus driver, in fact from her testimony more accurate knowledge and information than he, as to the condition of the street. If there was any danger, such was as observable and as obvious to her as to the bus driver.

The law contemplates the exercise of ordinary care by every person for his own protection against injury. The person failing to exercise such care, if that failure contributes to the resulting injury as a proximate cause, is guilty of contributory negligence even though there be concurrent actionable negligence on the part of another. In determining whether such person is contributorily negligent, the surrounding circumstances must be considered, such as the exigency under which he acted and his knowledge, actual or imputed, of the danger and the nature of the risk incurred. The care then imposed under these circumstances must be

commensurate with the hazards and dangers to be encountered.

■ A person may not rely on the assumption that others will not be guilty of breach of duty toward him and cannot by such reliance be relieved of the duty to exercise ordinary care for his own safety nor would such reliance license him to walk blindly into dangers which are obvious. The duty to make reasonable use of faculties to observe and discover conditions of danger is included within the duty to exercise ordinary care to avoid injury. See Price v. T. P. Taylor & Co., Inc., 302 Ky. 736, 196 S.W.2d 312; Peerless Mfg. Corporation v. Davenport, 281 Ky. 654, 136 S.W.2d 779.

If there was no reason on the part of appellee to apprehend any danger because of the condition created by this piled rock, neither was there reason for the bus driver to apprehend any such danger. This in effect does not necessarily absolve the bus driver of all blame since it was he and not the voluntary act of the plaintiff that placed her in the position she was when she alighted from the bus, but it does place on the injured person some responsibility when she voluntarily stepped on the pile of rock which she knew to be there, but which apparently neither she nor the driver anticipated to be a hazard. In Hensley v. Braden, 262 Ky. 672, 91 S.W. 2d 34, 39, it was said:

> "The operator of a taxi who permits a passenger to alight from a car at a place not ordinarily used in discharging passengers and where many vehicles are accustomed to pass is not bound to warn the passenger of the danger of passing traffic nor to protect him from such danger after he has left the car. The fundamental reason of this rule is, the conditions which constitute the danger to the passenger are 'as observable by,' and 'apparently as obvious to, him' as to the owner or operator of the taxi."

■ See Kentucky Traction & Terminal Co. v Soper, 215 Ky. 536, 286 S.W. 776. We conclude, therefore, that the court should have found plaintiff con-tributorily negligent as a matter of law and peremptorily instructed the jury to find for defendants.

The judgment is reversed for proceedings not inconsistent herewith.