## DILLINGHAM v. DEPARTMENT OF HIGHWAYS et al.

Court of Appeals of Kentucky.

Dec. 5, 1952.

John Hopkins and Hazelrigg & Cox, Frankfort, Waddill, Laffoon & Nichols, Madisonville, for appellant.

A. E. Funk, Atty. Gen., and Armand Angelucci, Asst. Atty. Gen., Frankfort, for appellee.

DUNCAN, Justice.

This action was originally filed by appellant before the Board of Claims pursuant to the provisions of KRS 176.290. It seeks to recover from the Department of Highways the sum of $999.00, representing damages to appellant's automobile as the result of an accident which occurred on U. S. Highway 62 in Caldwell County. The referee for the Board, upon hearing the evidence, recommended that appellant's petition be dismissed. The Board adopted the report and order of the referee, and this action was affirmed on appeal to the Franklin Circuit Court. A further review is sought by this appeal.

The findings of fact by the referee are fully supported by the testimony and are not questioned by appellant. The facts as found by the referee are that appellant while driving from Madisonville to Princeton on a winding section of highway, as a precaution against collision with oncoming traffic, was driving with his right wheels on the shoulder of the road at an estimated speed of forty miles per hour. After entering a straight stretch of road about twenty feet in width, appellant continued on the extreme right side of the road with his right wheels on the shoulder. Suddenly, the right wheels dropped into a ditch from eight to ten inches in depth and forty to fifty feet long. The automobile continued down the ditch for some distance, then swerved across the road, ran up an embankment and collided with a fence. The car was practically demolished, and it is admitted that the damages either equal or exceed the amount claimed. The ditch in question had existed immediately adjacent to the surface of the highway for three or four months prior to the accident and the Highway Department had received notice of the existence of the ditch a sufficient time before the accident to have corrected the condition.

The conclusion of law based upon the facts, with which appellant disagrees, was that the Department of Highways was not charged with the duty of maintaining the shoulders of the highway in a reasonably safe condition, and there being no breach of duty, there was no liability.

Due, no doubt, to sovereign immunity, we do not find an abundance of authority on the subject. In City of Lancaster v. Broaddus, 186 Ky. 226, 216 S.W. 373, the City of Lancaster was held liable for damages resulting when the wheels of an automobile ran into an excavation on the shoul-

ders of the street. The later case of Central City v. Snodgrass, 234 Ky. 396, 28 S.W.2d 467, approved the conclusions reached in the Broaddus case.

In the City of Lancaster case, there was a hole or excavation two or three feet deep located near the traveled portion of a street. The hole was so obscured by weeds and grass that it was not discernible to a traveler on the street. In the Central City case, the defect on the shoulder or berm of the street was similarly obscured from the view of those using the street. A majority of the members of this Court are of the opinion that these cases are distinguishable from the case at bar because the defects were obscured and the holes or excavations there involved were much larger and more inherently dangerous than the ditch into which appellant ran his car.

The rule in Michigan is that the duty of the sovereign to maintain roads or highways in a reasonably safe condition applies only to the traveled portion of the road and that the shoulder of the road cannot be properly considered as the traveled portion. Goodrich v. Kalamazoo County, 304 Mich. 442, 8 N.W.2d 130. On the other hand, the courts of last resort in Kansas and South Carolina are committed to the rule that the State is charged with the duty of maintaining the shoulders immediately adjacent to the hard surface of the highway in a reasonably safe condition. Collins v. State Highway Commission, 134 Kan. 286, 5 P.2d 1106, 80 A.L.R. 488; Bunton v. South Carolina State Highway Department, 186 S.C. 463, 196 S.E. 188, 189.

 A majority of the Court conclude that the State is not liable for its failure to maintain the shoulders of a highway in a reasonably safe condition for travel except as to defects which are obscured from the view of the ordinary traveler and are so inherently dangerous as to constitute traps, and that the negligence of the appellant in deliberately driving upon the shoulder of the highway was the direct and proximate cause of the damage which he sustained.

The judgment is, therefore, affirmed.

The writer of this opinion and Judges MILLIKEN and MOREMEN do not agree

with the majority in the result reached in this case. Contributory negligence was not plead by the State and comparative negligence has never been recognized in Kentucky. The minority are of the opinion that aside from the negligence of appellant, and ignoring the degree of his negligence as compared with that of the State, the State is under the obligation to maintain the shoulders of its highways in a reasonably safe condition for travel or to maintain warning signs of any unsafe condition, and that no reasonable distinction can be drawn, except as it may relate to contributory negligence, between obvious and hidden defects.

In this connection, the minority take judicial notice of the fact that careful and prudent drivers not only may on occasion, but frequently must, use the shoulders to some extent as a part of the highway. Therefore, a pitfall or ditch in a shoulder adjacent to the surface may constitute a defect in the highway, and the State, with notice of such defect, upon its failure to repair in a reasonable time may be liable for injuries resulting from the unsafe condition.