**Hilary R. SKEES, Appellant,**

v.

**Ann WHITAKER, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1965.

Rehearing Denied Feb. 25, 1966.

---

William C. Jacobs, Lexington, for appellant.

Rodman W. Keenon, Gladney Harville, Stoll, Keenon & Park, Lexington, for appellee.

DAVIS, Commissioner.

The appellant, Hilary R. Skees, sued appellee, Ann Whitaker, seeking recovery for personal injuries and property loss resulting from a collision between the cars operated by appellant and appellee. The jury's verdict was for appellee; appellant seeks to reverse the adverse judgment on these grounds: (1) It was error for the trial court to instruct the jury on contributory negligence; (2) in any event, the contributory negligence instruction as given invaded the jury's province; and (3) the court should have given an instruction on "last clear chance".

The unusual accident occurred, on a clear August morning, in an off-street parking area on the west side of Tates Creek Pike in Lexington. Appellant had entered the parking area by turning right off the street; his course on the street had been southwardly. Marked off parking spaces provided for parking perpendicularly to the curb. Appellant had just brought his car to a stop, removed the ignition key, looked back to his left, when he opened the left front door of his car. He had gotten the door open just about six inches when it was struck by the car of appellee, who was undertaking to park her car in the marked off space immediately to the left of the one occupied by appellant's car. Appellant said that he did not see appellee's car before the accident. Appellant explained that the force of the collision was upon "the trailing edge of the door"—or the "back lock side of the door". He characterized the impact as "terrific". According to the testimony of appellant, immediately after the accident the right front tire of appellee's car "was totally over in the yellow line alongside my car; I believe it was between my car and the yellow line".

Appellee stated that she had been proceeding northwardly along Tates Creek Pike, and had had to await clearance of traffic before she could enter the parking area to her left. She saw appellant drive in to the parking space and she undertook to park her car alongside his. She related that she had driven "just about halfway in" the parking space when "the door opened on the other car and I hit it". Appellee said "we would not have hit if the car door had not opened".

As noted, it is the contention of appellant that no instruction should have been given relating to the defense of contributory negligence, but we do not agree. It is fundamental that the contributory negligence of a plaintiff constitutes a defense for a defendant charged with negligence. 38 Am.Jur., Negligence, Section 174; Allen v. Dillman, Ky., 249 S.W.2d 23. As observed in the Allen opinion, just cited,

"The law contemplates the exercise of ordinary care by every person for his own protection against injury. The person failing to exercise such care, if that failure contributes to the resulting injury as a proximate cause, is guilty of contributory negligence even though there be concurrent actionable negligence on the part of another." Allen v. Dillman, Ky., 249 S.W.2d 23, 25.

It is apparent, we think, that appellant had a "continuing duty of caution for his own safety"—just as "every person" does. Louisville & N. R. Co. v. Dunn, Ky., 380 S.W.2d 241, 245. That continuing duty certainly included the duty to look to ascertain whether his opening of the left door of his car could be accomplished with safety for himself and any approaching vehicle. When we consider the surrounding circumstances, and the exigencies under which appellant acted, we are impelled to the conclusion that the defense of contributory negligence was available to the appellee. Therefore, there is no merit in appellant's contention that no contributory negligence instruction should have been given.

Appellant contends that since appellee's car partially invaded the parking area for appellant's car, the accident would have happened whether he opened the door or not. We consider this position untenable. In the first place it is entirely speculative whether any accident would have occurred without the opened door. Secondly, it is certain that *this* accident, and its consequences, could not have taken place without the opened door. There was no place in the trial of this case to speculate as to what might have happened under some other set of circumstances.

Neither do we find basis for reversal in the form of the contributory negligence instruction. We do not consider that the court invaded the province of the jury by reason of the form of the instruction. By its terms, the jury was told that appellant had these duties: "(1) Before opening

the door of his automobile to look for other cars and vehicles approaching; * * * (2) Not to open the door of his car if the approaching car of the defendant was so near that to do so would cause immediate danger of collision."

After stating those duties, the trial court concluded the instruction:

"If the jury believe from the evidence that the plaintiff failed in any one or more of said duties, and that such failure on his part, if any, contributed to or helped to bring about the collision, to such extent that but for such failure, if any, on the part of the plaintiff said collision could not and would not have occurred, then the law is for the defendant, and you shall so find * * *."

It is plain, we think, that the appellant did have the duties imposed by the instruction; moreover, the jury was clearly advised that it must find that any violation of either of the duties so contributed to the cause of the collision that but for it, the collision would not have occurred. We consider the instruction appropriate in this case, and do not reach the assertion by appellee that appellant failed to preserve his objection to the instruction as required by CR 51.

■ Finally, appellant asserts that he was entitled to a "last clear chance" instruction. The circumstances of the accident at bar forbid such an instruction. By evidence from both sides it was made plain that the accident occurred in the twinkling of an eye. If appellee had any chance, which is doubtful, it was neither "clear" nor "last". It is certain that appellant's peril, as it related to the opened door of his car, occurred only momentarily before the impact. Under such facts the last clear chance doctrine is inapplicable. Severance v. Sohan, Ky., 347 S.W.2d 498, 501. There is nothing in Hensley v. Braden, 262 Ky. 672, 91 S.W.2d 34, (relied on by appellant), which supports his contention for a last clear chance instruction.

The judgment is affirmed.