Ben FALENDER, Administrator of the Estate of Bessie Falender, Deceased, Appellant,

v.

CITY OF LOUISVILLE and Patricia A. Hume, Appellees.

Court of Appeals of Kentucky.

Dec. 12, 1969.

Marvin M. Sotsky, Louisville, for appellant.

James C. Hickey, Victor W. Ewen, Jones, Ewen, MacKenzie & Peden, Louisville, for appellee Hume.

Eugene H. Alvey, Director of Law, Richard C. Oldham, Asst. Director of Law, Louisville, for appellee City of Louisville.

CLAY, Commissioner.

Appellant plaintiff's decedent met her death in an automobile accident on Seneca Park Road in the City of Louisville. Suit was brought against appellee defendants Hume, the driver of the other car involved,

and the City of Louisville. Both defendants were granted summary judgment.

The evidentiary material presented in support of the motions for summary judgment disclosed the following facts. Decedent was proceeding south on the two-lane parkway. As she entered a slight curve to her left, she drove her car just off the black top on her right. At that point there was a washed-out "rut" 10 inches in depth extending approximately 28 feet along the edge of the black top. The right wheels of her automoblie dropped into this depression, causing her to lose control and veer sharply to her left into the opposite lane of travel. When broadside to approaching traffic, she was struck by defendant Hume's car. All incidents of the accident occurred in a matter of seconds.

■ We will first take up the summary judgment granted defendant Hume, the operator of the colliding car. In essence it is plaintiff's contention that there was an issue of fact as to whether defendant Hume had a last clear chance to avoid the collision. It is suggested that she may have been driving too fast, or should have observed decedent's perilous position sooner, or should have applied her brakes, or should have been driving more carefully because she was wearing a leg brace. To put these speculative factors in perspective, we must observe that defendant Hume was where she had a right to be, that she had no reason or duty to anticipate such an unusual occurrence, and that she was confronted with a sudden emergency whose creation was unrelated to the operation of her automobile. She could be liable only if she committed *a negligent act which was a proximate cause of this accident*. Nothing in this record shows that plaintiff could produce any evidence to establish such a negligent act. There was therefore no genuine issue of material fact under CR 56.03.

Summary judgment proceedings should not be invoked as a substitute for trial.

Conley v. Hall, Ky., 395 S.W.2d 575 (1965). However, in view of the undisputed nature of this sudden and extraordinary occurrence, no proof can be envisioned, nor has plaintiff shown any available, which would authorize the submission to the jury of the question of defendant Hume's negligence. See Payne v. B-Line Cab Company, Ky., 282 S.W.2d 342 (1955), and Skees v. Whitaker, Ky., 398 S.W.2d 715 (1966). We conclude the trial court properly granted defendant Hume a summary judgment.

We now examine the summary judgment granted defendant City of Louisville. The claim against it is based on the alleged breach of duty to maintain the shoulder of the paved portion of the roadway in a reasonably safe condition. As before noted, the washed-out depression was right at the edge of the roadway, and in the opinion of a police officer whose deposition was taken, this created a dangerous condition which was not observable "until you are right up close to it".

We had almost the identical situation here presented in City of Lancaster v. Broaddus, 186 Ky. 226, 216 S.W. 373, 375 (1919). Therein it was held that a city:

" * * * is under a duty to exercise ordinary care to keep, not only that part of its streets that has been set apart for and is customarily used by the traveling public in a reasonably safe condition, but that it must also exercise the same degree of care with respect to such parts of its streets as lie immediately adjacent to or in the margin of the traveled part."

In that opinion the following was quoted from Thompson on Negligence, Vol. 5, section 6055 (216 S.W. at page 376):

" '* * * To make a distinction between cases where the excavation is within the true line of the highway or exactly upon it, and cases where it is beyond it, but close to it, presents an unworthy refinement and a judicial trifling with human life. The existence of such dangerous places, although outside

the traveled portion of the highway, or even outside the highway itself, may so endanger public travel, unless suitable guards or barriers are erected, as to raise a duty on the part of the municipality to erect such guards or barriers along the margin of the traveled portion of the highway, or even along the external portion of the highway as laid out, so that if a traveler is injured in consequence of a want of such barriers, he may have an action for damages against the municipality, although the injury in fact took place outside the limits of the traveled path. * * *.' "

This principle is recognized in a number of other jurisdictions. 39 Am.Jur.2d, Highways, Streets and Bridges, section 488 (page 886); 52 A.L.R.2d 1403, 1405. It was confirmed in Central City v. Snodgrass, 234 Ky. 396, 28 S.W.2d 467 (1930).

With respect to the duty of the state, the rule was rather obliquely qualified in Dillingham v. Department of Highways, Ky., 253 S.W.2d 256 (1952), a four-to-three decision. The opinion states (253 S.W.2d at page 257):

"A majority of the Court conclude that the State is not liable for its failure to maintain the shoulders of a highway in a reasonably safe condition for travel *except as to defects which are obscured from the view of the ordinary traveler and are so inherently dangerous as to constitute traps,* and that *the negligence of the appellant* in deliberately driving upon the shoulder of the highway *was the direct and proximate cause* of the damage which he sustained." (Emphasis added)

The dissenting opinion followed the principle announced in the Broaddus and Snodgrass cases and made the following observation (253 S.W.2d at page 257):

"In this connection, the minority take judicial notice of the fact that careful and prudent drivers not only may on occasion, but frequently must, use the shoulders to some extent as a part of the highway. Therefore, a pitfall or ditch in a shoulder adjacent to the surface may constitute a defect in the highway, and the State, with notice of such defect, upon its failure to repair in a reasonable time may be liable for injuries resulting from the unsafe condition."

■ Upon reconsideration of Dillingham, it is apparent the court, in denying liability of the state, was actually basing that conclusion upon the negligence of the plaintiff. However that may be, the principle recognized in the Broaddus, Snodgrass and Dillingham cases is substantially the same. An "inherently dangerous" situation or a "trap" is nothing more or less than a condition not "reasonably safe".

■ The Broaddus case, which we consider eminently sound, was decided in 1919. Automobile traffic conditions 50 years later are infinitely more complex and dangerous. The death and injury toll on our streets and highways is enormous. Municipalities should still be required to contribute to the reasonable safety of our thoroughfares. It is our opinion that the defendant city owed motorists the duty to maintain, in a reasonably safe condition, the immediate area adjacent to highways or streets likely to be used by the traveling public. Therefore there was presented in this case a genuine issue of material fact as to whether the defendant city had violated that duty.

It may be noted here that though the question has not been raised in this lawsuit, we have considered whether City of Louisville v. Louisville Seed Company, Ky., 433 S.W.2d 638 (1968), abrogated the long-standing rule of municipal liability for defects in streets. That case qualified the broad scope of municipal liability opened up in Haney v. City of Lexington, Ky., 386 S.W.2d 738, 10 A.L.R.3d 1362 (1964), and followed in City of Louisville v. Chapman, Ky., 413 S.W.2d 74 (1967). Since possible municipal liability for failure to maintain streets in a reasonably safe condition for

travel had long been recognized before Haney, the holding in the Louisville Seed Company case does not affect the liability of appellee City of Louisville in the present case.

It is the city's contention that regardless of its duty, plaintiff's decedent was contributorily negligent as a matter of law. We cannot so decide on the motion for summary judgment. Apparently the plaintiff can produce evidence that the abrupt depression was not readily observable nor was its dangerous propensity (established by this tragic accident) easily discernible. Again we revert to the Broaddus case wherein it was said (216 S.W. at page 375):

"Here the driver of the automobile, who was proceeding at a reasonable rate of speed, thought it prudent and safe in passing the wagon to leave for a few inches the traveled part of the street, *although it was not necessary that he should have done so,* and when he did the wheels of his vehicle dropped into an excavation, the presence of which was so concealed by weeds and grass as that it could not be discovered by a person using ordinary care as was the driver of this automobile.

"A traveler under circumstances like these is not guilty of negligence as a matter of law. The most prudent drivers of machines and other vehicles are likely at times to deviate slightly, *even when there is no occasion,* from the beaten path of travel, and, if they do, the question whether they are negligent or not is one for the jury." (Emphasis added)

Whether the hazard in the present case was apparent or concealed or whether plaintiff's decedent operated her vehicle in a negligent manner are genuine issues of material fact which properly should be developed at a trial, the same as the issue of the city's negligence. We believe the trial court erred in determining those issues as a matter of law on the city's motion for summary judgment.

The judgment for defendant Hume is affirmed, and the judgment for defendant City of Louisville is reversed.

HILL, C. J., and MILLIKEN, NEIKIRK, OSBORNE, PALMORE and REED, JJ., concur.

STEINFELD, J., not sitting.