RENDERED:  FEBRUARY 6, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0528-MR

LAURA HELMBRECHT, IN HER
INDIVIDUAL CAPACITY AND AS
ADMINISTRATRIX OF THE ESTATE
OF CESAR E. MARQUEZ CHAVEZ                    APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 23-CI-00480


THE CITY OF WALTON; BAILEY
JAYNES BAKERY AND CAFE, LLC;
DAN MARTIN; GABE BROWN;
HOWARD STEVENS; MATT
BROWN; ROBERT MCDONALD;
SHERRY SNOWDEN; TAMMY
WILHOITE; AND TERRI COURTNEY          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND L. JONES, JUDGES.

COMBS, JUDGE:  Laura Helmbrecht, in her individual capacity and as

administratrix of the estate of Cesar E. Marquez Chavez, her late husband, appeals

the Boone Circuit Court's order dismissing her wrongful death action. After our review, we affirm.

On September 11, 2021, Helmbrecht and Chavez attended the City of Walton's annual "Old Fashion Day" festival. Chavez entered the donut-eating contest hosted by the festival. His participation in the contest was conditioned on execution of a written waiver of liability.

During the donut-eating contest, 48-year-old Chavez allegedly experienced an esophageal food bolus. An esophageal food bolus is distinct from choking and does not normally involve a blockage to one's airway. *See* Food Bolus Impaction, Gregory G. Ginsberg, Gastroenterology & Hepatology, The Independent Peer-Reviewed Journal, Feb. 2007; https://pmc.ncbi.nlm.nih.gov/articles (last visited Jan. 15, 2026). It is often linked to an underlying pathology and occurs more often when eating meat, failing to chew food sufficiently, and/or eating too quickly. *Id.* Ordinarily, a food bolus resolves spontaneously. *Id.* However, food bolus impactions that persist for more than twelve hours carry a risk of serious complications. *Id.*

According to Helmbrecht, Chavez began choking at the contest, lost consciousness, suffered cardiac arrest, and was unresponsive when paramedics arrived. He was transported to a local hospital where he later died.

In April 2023, Helmbrecht (both in her individual capacity and as administratrix of Chavez's estate) filed a wrongful death action in Boone Circuit Court against the City of Walton and Bailey Jaynes Bakery and Café, LLC. She alleged that the defendants failed to provide "an adequate level of reasonable medical assistance that could properly respond to medical emergencies at the Festival" and that Chavez failed to receive adequate and timely medical assistance. Helmbrecht's claims included: negligence; negligent hiring, training, retention, and supervision; wanton and willful negligence (as well as gross negligence); wrongful death; loss of consortium; negligent infliction of emotional distress; concert of action; and outrage. Written discovery requests were attached to the complaint.

The City of Walton filed a motion to dismiss, contending that the written waiver acted as a complete bar to the claims. In the alternative, the City of Walton argued that it was entitled to summary judgment on other grounds. An affidavit of the city clerk was attached. Bailey Jaynes Bakery joined in the motion.

The circuit court treated the motion as one for summary judgment, concluding that the defendants were entitled to judgment as a matter of law because the claims against them were barred by the terms of the waiver. Later, when the circuit court considered Helmbrecht's motion to alter, amend, or vacate, it concluded that Helmbrecht's claim of negligence based upon willful or wanton conduct had not been waived but that it nevertheless failed as a matter of law.

-3-

Helmbrecht filed her notice of appeal to this Court on September 1, 2023. She appealed the judgment with respect to three claims: negligence, gross negligence, and willful or wanton conduct. We reviewed the circuit court's summary judgment *de novo* and held that Chavez's waiver was enforceable and sufficient to bar Helmbrecht's claims of negligence and gross negligence.

However, with respect to Helmbrecht's claims based on willful or wanton conduct, we cited *Cumberland Valley Contractors, Inc. v. Bell Cnty. Coal Corp.*, 238 S.W.3d 644, 654 (Ky. 2007), for the proposition that waivers are enforceable as to liability for "negligence and even gross negligence *short of willfulness and wantonness.*" (Emphasis added). *See also Donegan v. Beech Bend Raceway Park, Inc.*, 894 F.2d 205 (6th Cir. 1990). We observed that the circuit court's initial ruling that Chavez waived any claims that he or his estate may have for alleged willful or wanton conduct was clearly erroneous.

Subsequently, when it considered Helmbrecht's motion to alter, amend, or vacate the judgment, the circuit court reasoned that even if the waiver did not encompass willful or wanton conduct, the claim would still fail as a matter of law because the defendants -- through the waiver's provisions -- specifically warned Chavez of the precise peril he faced, including the potential inaction of festival hosts and their agents. The court concluded that a wanton or reckless disregard for his safety could not, therefore, be demonstrated. Upon our review,

-4-

we concluded that this alternative basis for the summary judgment was also erroneous.

In our analysis, we observed that willful or wanton conduct is exceedingly difficult to establish as it "signifies the entire absence of care for the life, person or property of others with an element of conscious disregard of the rights or safety of others, which deserves extra punishment in tort." *Helmbrecht v. Bailey Jaynes Bakery and Cafe*, *LLC*, 699 S.W.3d 197, 203 (Ky. App. 2024) (citing *Cumberland Valley*, 238 S.W.3d at 655 n.33). Nevertheless, we rejected the circuit court's conclusion that the mere existence of a waiver warning contestants of the risks of participation in the donut-eating contest manifested a "degree of care." Consequently, we concluded that this single tort claim remained viable.

In an Opinion rendered September 27, 2024, we reversed the circuit court's judgment only with respect to Helmbrecht's claim of negligence based upon willful or wanton conduct and remanded for further proceedings. We specifically noted that the trial court's summary judgment concerned only the nature of the waiver and not whether there was an absence of evidence supporting the elements of a claim based upon willful or wanton conduct.

Once our Opinion was final, Helmbrecht filed a motion for leave to file an amended complaint. By its order entered November 21, 2024, the circuit

court granted the motion. In the amended complaint, Helmbrecht reasserted her negligence claim based upon willful or wanton conduct and now included the city's former mayor, various city council members, and the assistant city clerk as additional defendants in both their individual and representative capacities. The city, its former mayor, city council members, and the assistant city clerk filed a motion to dismiss the action for failure to state a claim upon which relief could be granted. They argued that the complaint "fails to allege any conduct on the part of Defendants which could rise to the level necessary to show an indifference to consequences, intentional or otherwise, or an entire absence of care" for others. Bailey Jaynes Bakery joined in the motion. For the sake of convenience, we hereafter refer to these parties collectively as "festival organizers."

In an order granting the motion to dismiss entered March 24, 2025, the circuit court observed that Helmbrecht's amended complaint alleged that festival organizers "prepared an inadequate level of reasonable medical assistance that could properly respond to medical emergencies at the Festival" and that Chavez "received inadequate and untimely medical assistance by the Defendants." The court concluded that the amended complaint failed to state a claim upon which relief could be granted.

On appeal, Helmbrecht challenges the trial court's conclusion and contends that her allegations are sufficient to defeat the motion to dismiss. We disagree.

The Kentucky Rules of Civil Procedure (CR) provide a mechanism to test the sufficiency of a complaint. CR 12.02 provides that a defense of failure to state a claim upon which relief can be granted may be raised by motion. The trial court is authorized to grant the motion and to dismiss the complaint where it appears that the plaintiff would not be entitled to relief under any set of facts which could be proven in support of her claim. *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). Where the court considers a motion to dismiss for failure to state a claim under the provisions of CR 12.02, the pleadings must be liberally construed in a light most favorable to the plaintiff and the allegations made in the complaint are to be taken as true. *Mims v. Western–Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (citing *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987)).

A motion to dismiss for failure to state a claim upon which relief may be granted presents a question of law. *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citing *Morgan v. Bird*, 289 S.W.3d 222, 226 (Ky. App. 2009)). Therefore, we owe no deference to a trial court's determination upon review. *Id.* Instead, we

review the matter *de novo*. *Netherwood v. Fifth Third Bank, Inc.*, 514 S.W.3d 558, 562–63 (Ky. App. 2017).

"[N]egligence claims require proof that the defendant owed the plaintiff a duty, that the defendant breached that duty, and that the plaintiff suffered a harm that was proximately caused by the breach." *Walmart, Inc. v. Reeves*, 671 S.W.3d 24, 26 (Ky. 2023) (citation omitted). In order to prevail on a negligence claim, the plaintiff must satisfy each element. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W. 2d 245, 247 (Ky. 1992) (citing *Illinois Cent. R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967) ("The absence of any one of the three elements is fatal to the claim.")). In construing the pleadings in a light most favorable to Helmbrecht and accepting her allegations as true, we are persuaded that Helmbrecht has failed to state a claim based upon the willful or wanton conduct of festival organizers.

Whether a duty exists presents a question of law. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003) (citation omitted). When analyzing the existence of a duty, the foreseeability of danger and an injury stemming from it underlie our jurisprudence. *Lhotsky as Next Friend for Lhotsky v. Sutcliffe*, 723 S.W.3d 842, 851–53 (Ky. App. 2025). Foreseeability is assessed by considering the facts as they reasonably appeared to the defendant. *Id.* When determining whether an injury was foreseeable, we must consider whether a reasonable person

-8-

in the defendant's position would recognize an undue risk to another. *Id.* As a matter of law, the failure of festival organizers to provide medical assistance sufficient to respond to Chavez's medical emergency at the donut-eating contest does not constitute willful or wanton conduct.

In *Commonwealth of Kentucky, Transportation Cabinet, Department of Highways v. Shadrick*, 956 S.W.2d 898 (Ky. 1997), the Supreme Court of Kentucky reviewed the dismissal of wrongful death claims arising from an automobile accident. It undertook a traditional analysis that is helpful to consider. Specifically, it analyzed the duty of the Department of Highways to maintain our roads in "a reasonably safe condition for those members of the traveling public exercising due care for their own safety." 956 S.W.2d at 900 (citations omitted).

In *Shadrick*, the driver lost control of her automobile, veered off the roadway, and collided with a dump truck that had been left for months in the right-of-way near a junkyard. *Id.* at 899. The woman and her unborn child were killed as a result of the collision, and her estate sued the Department based on its alleged failure to keep the road safe by removing or requiring removal of the dump truck by the junkyard operator. *Id.*

The court concluded that there was "no duty imposed upon the Department with respect to the maintenance of roads to guard against *all* reasonably foreseeable and reasonably preventable harm to travelers, including

those who are not exercising due care [for themselves]." *Id.* at 900 (citation omitted). Instead, the Department's duty to use ordinary care to keep roads safe required removal of those hazards "obscured from the view of ordinary travelers and [] so inherently dangerous as to constitute traps." *Id.* at 901 (citing *Dillingham v. Dep't of Highways*, 253 S.W.2d 256 (Ky. 1952); *Falender v. City of Louisville*, 448 S.W.2d 367 (Ky. 1969)). The court concluded that the Department's failure to remove the dump truck away from the traveled portion of the road or to require its removal by the junkyard operator did not breach any duty it owed the public. *Id.* at 901. The court observed that the abandoned dump truck was in plain view of drivers using the highway; that it did not impede the flow of traffic; and that it did not present a hazard so inherently dangerous as to constitute a "trap." *Id.* Despite the potential hazard, the court concluded that the roadway remained reasonably safe for motorists and that it would be unreasonable and impractical to hold the Department responsible for the negligence of others. *Id.* (quoting *Falender*, 448 S.W.2d at 370).

The activity hosted by festival organizers in this case -- eating donuts (even in competition with other participants) -- is not normally regarded as hazardous. It became so for Chavez only when he appeared to ingest the donuts either unchewed or insufficiently chewed. Any risk to Chavez inherent in his decision to participate in the donut-eating contest was not created or enhanced by

-10-

festival organizers. In fact, they could have reasonably expected participants both to recognize the risk of consuming donuts without chewing sufficiently and to exercise ordinary care for their own safety. Under these circumstances, the alleged failure to make sufficient emergency medical services available on scene even if true, could not be characterized as willful or wanton conduct rendering festival organizers liable for Chavez's death. *See Collins v. Rocky Knob Associates, Inc.*, 911 S.W.2d 608, 610 (Ky. App. 1995) (some negligent conduct may not, as a matter of law, be deemed "willful" or "malicious" under common law); *see also Poore v. 21st Century Parks, Inc*., 619 S.W.3d 409, 424 (Ky. App. 2020) (applying a provision of Kentucky's Recreational Use Statute, Kentucky Revised Statute (KRS) 411.190, and holding that an allegation that defendant's failure to train employees to handle medical emergencies and to develop and implement a safety plan was a type of passive negligence that could not rise to the level of willful or malicious conduct); *Lawson v. City of Beattyville*, No. 2011-CA-000243-MR, 2011 WL 5600628, at *3 (Ky. App. Nov. 18, 2011) (holding that an allegation that the city delegated park safety inspections to inadequately trained personnel was a type of passive negligence that could not amount to willful or malicious conduct). We conclude that the circuit court did not err by granting the motion of festival organizers to dismiss the amended complaint for failure to state a claim.

In an effort to avoid the ramifications of this conclusion with respect to her claims against the City of Walton and Bailey Jaynes Bakery, Helmbrecht argues that the circuit court's order dismissing the amended complaint did not affect the viability of her initial complaint. She contends that -- "as a matter of procedure" -- the City of Walton and Bailey Jaynes Bakery were "barred from raising, (*sic*) any issues in their second Motion to Dismiss that they were able, but failed, to raise in their first motion." Helmbrecht argues that the City of Walton and Bailey Jaynes Bakery "made no mention whatsoever in their first Motion to Dismiss of any failure by Helmbrecht to allege wanton or willful *conduct*" and that this argument must be deemed waived pursuant to the provisions of CR 12.07.

CR 12.07 provides that a party who makes a motion under Rule 12 may join with it other motions. However, where a party makes a motion under Rule 12 "but omits therefrom any defense or objection then available to him which Rule 12 permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in paragraph (2) of Rule 12.08 [including a motion for judgment on the pleadings] on any of the grounds there stated." This rule pertains expressly to omitted defenses and objections. Yet, Helmbrecht contends that the trial court could not entertain a subsequent motion that advanced a different (or omitted) *argument* in support of a defense which the rules allow to be presented by way of motion -- and not only by

-12-

way of pleading. We conclude that the trial court did not err by entertaining the subsequent motion on remand -- regardless of whether it included a *different argument* in support of the defense of failure to state a claim for which relief could be granted.

Because we have decided that Helmbrecht has no cause of action against the festival organizers for negligence based upon willful and wanton conduct, the remaining issues raised on appeal (including those related to Helmbrecht's derivative claims; punitive damages awards; statute of limitations defenses; and qualified official immunity) have been rendered moot.

We affirm the order of the Boone Circuit Court dismissing this action.

ALL CONCUR.

BRIEF FOR APPELLANT:

Anthony J. Gonzalez
Lexington, Kentucky

BRIEF FOR APPELLEE
BAILEY JAYNES BAKERY AND
CAFÉ, LLC:

Charles A. Walker
Louisville, Kentucky

Taylor L. Kellebrew
Louisville, Kentucky

BRIEF FOR APPELLEE
CITY OF WALTON:

John M. Dunn
Ft. Mitchell, Kentucky

Lauren M. Spuzzillo
Ft. Mitchell, Kentucky