Gail SWATZELL, Appellant,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

May 9, 1969.

William E. Scent, Reed, Scent & Reed, Paducah, for appellant.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Richard Weisenberger, Paducah, for appellee.

CLAY, Commissioner.

■ This is an appeal from a judgment affirming an opinion and order of the Board of Claims which denied appellant any recovery on her claim for damages resulting from personal injuries sustained in an automobile accident. She was a passenger in a car driven by her father which collided with a crane blocking Kentucky Highway 131 near Symsonia. The issue in these proceedings was whether the Highway Department had negligently failed to post and maintain adequate warnings that the road was blocked because a bridge was out. The order of the Board must be upheld if there was substantial evidence to support its findings. Shrader v. Commonwealth, 309 Ky. 553, 218 S.W.2d 406; Morrison v. Department of Highways, Ky., 252 S.W.2d 426.

This accident happened shortly after midnight. The driver of the car, proceeding eastwardly on Highway 348, turned right at the intersection with Highway 131, about two miles north of the place of the accident. The proof for the Commonwealth was that south of this intersection on Highway 131 there was a barricade extending somewhere between four to eight feet onto the paved portion of the highway on which were mounted two 30-inch-square signs respectively reading, "ROAD CLOSED" and "BRIDGE OUT". The pavement was 18 feet wide at this point. Beneath these signs was a smudge-pot flare. In the vicinity of the place of the accident there was a burning smudge pot in the middle of the highway, approximately 30 or 40 feet in front of the crane. There were green, red and yellow light reflectors on the crane.

■ The driver of the car said he did not observe the warning signs at the intersection when he made his right turn and that he did not observe any other warning in time to stop before the collision. The possible negligence of the driver would not be imputable to appellant passenger, so the Highway Department's only defense to her claim is that it was not negligent. Our question is whether the Board had substantial evidence on which to base its finding that the warnings above alluded to were adequate.

■■ Appellant admits that there was a conflict in the evidence with respect to both the location of the barricade at the southwest corner of the intersection and how far this barricade extended out onto the paved portion of the highway. However, the evidence amply supported a finding that the signs on the barricade and the flare underneath them were sufficient to alert anyone about the conditions ahead on Highway 131. These warnings were supplemented by another flare in the middle of the highway in front of the crane and light reflectors on the crane. It is true that additional warnings may have

prevented this driver from running into the crane, but the duty of the Highway Department is only to exercise ordinary care to give reasonably sufficient notice of obstructions to travelers who themselves are exercising due care. 39 Am.Jur.2d Highways, Streets and Bridges, section 398 (page 794). The only explanation for this accident seems to be that the operator of the automobile had been driving all day and all night and he failed to grasp the significance of the warnings.

We cannot as a matter of law say that the warning devices maintained by appellee were so inadequate as to establish negligence on the part of the appellee. This was an issue of fact which the Board of Claims was required to resolve. There was sufficient substantial evidence to support its findings and the trial court correctly so adjudged.

The judgment is affirmed.

All concur.