**TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**David W. THURMAN, Administrator of the Estate of Robert J. Thurman, Karen J. Thurman, Robert D. Thurman, and Kentucky Board of Claims, Appellees.**

No. 93–CA–2603–MR.

Court of Appeals of Kentucky.

March 3, 1995.

Discretionary Review Denied by Supreme Court May 31, 1995.

Stewart C. Burch, Edwin A. Logan, Frankfort, for appellant.

James M. Gary, Louisville, for appellees Thurman.

Before COMBS, EMBERTON and WILHOIT, JJ.

*OPINION*

COMBS, Judge:

Appellant appeals the decision of the Laurel Circuit Court affirming the Board of Claims award of $250,000.00, based upon the negligent maintenance of weigh station premises resulting in substantial injury and death to the Appellees. Appellant Transportation Cabinet (Cabinet), alleges that the Appellees, Karen Thurman (Karen), Robert D. Thurman (Robert), and David Thurman, (re-

ferred to collectively as "Thurmans") failed to prove negligence before the Board of Claims (Board). The Cabinet also alleges that the Board erred in failing to find contributive or comparative fault on the part of Robert and by allowing recovery for dependent claims in contravention of K.R.S. § 44.070(1). Finally, the Cabinet argues that it was denied a fair hearing by the Board. We disagree and affirm the well-reasoned decision of the Board, as affirmed by the Laurel Circuit Court.

On November 14, 1985, Robert and Karen and their infant son Robert J. were proceeding south on U.S. Interstate Highway 75 in Laurel County, Kentucky, when they were run off of the road by a tractor-trailer. Robert, the driver of the vehicle, regained control and proceeded southbound. As they neared London, Kentucky, they spotted a truck weigh station and decided to report the incident to the authorities. Upon entering the weigh station, Robert noticed several trucks in line along the left side of the ramp. Robert, who believed the trucks to be stationary as they travelled to the scales, proceeded to pass the trucks on the right. He then noticed a pothole in the shoulder and attempted to go around it on the right, entering the grassy area abutting the shoulder. While in the grass and before he could execute the pass, his car came to an abrupt stop and burst into flames. The Kentucky State Police investigation revealed that a severely bent reflector pole had pierced the gas tank of the Thurmans' vehicle and caused the fire. The pole was positioned at an angle against the direction of travel of the car and parallel to the ramp. Robert and Karen both suffered substantial burns as they attempted to free their son Robert J., who was secured in a child carrier in the back seat of the car. Robert J. died in the fire.

A hearing was conducted before a hearing officer for the Board on November 24, 1987. After numerous extensions of time, the parties completed their proof and final briefs were filed by the parties on July 1, 1991. The Board held for the Thurmans, awarding damages of $250,000.00. The Cabinet appealed and the circuit court affirmed the Board's ruling. This appeal followed.

■ The Cabinet argues that the Thurmans failed to prove negligence before the Board; *i.e.*, they failed to prove a breach of legal duty by the Cabinet. We disagree. The Cabinet, being "the public authority having control over a highway has a duty to keep it in a reasonably safe condition for travel, to provide proper safeguards, and to give adequate warning of dangerous conditions in the highway." *Commonwealth, Dep't of Highways v. Automobile Club Ins. Co.*, Ky., 467 S.W.2d 326, 328 (1971). This duty includes remedying, warning, or guarding against potential dangers and extends to the shoulders of the highways. *See Dillingham v. Dep't of Highways,* Ky., 253 S.W.2d 256, 257 (1952); *Falender v. City of Louisville,* Ky., 448 S.W.2d 367, 370 (1969). Furthermore, notice of the defect may be imputed to the Cabinet if it "could have or should have had [actual] knowledge if it had exercised reasonable care in inspecting and maintaining the highway." *Commonwealth, Dep't of Highways v. General & Excess Ins. Co.,* Ky., 355 S.W.2d 695, 697 (1962). According to the Board's findings of fact:

> [t]he Motor Vehicle Enforcement Officers who worked at the weigh station testified that they were responsible for the maintenance of the premises; that they had a duty to make observations as to needed repairs and hazards; and, that they were to report their observations to the district garage. Officer Kuhl testified that he had driven past this particular pole on the day of the accident and had no recollection as to its condition. He testified that he basically didn't notice them and that it was just something he never stopped to look into or observe.

■ The Board, as the fact-finding body, found that the Cabinet had a duty to maintain, inspect and repair the premises and, under the prevailing circumstances, was negligent in its failure to do so. We will not disturb the findings of the Board if they are supported by substantial evidence. *Commonwealth, Transp. Cabinet Dep't of Vehicle Regulation v. Cornell,* Ky.App., 796 S.W.2d 591, 594 (1990). "If there is any substantial evidence to support the action of the administrative agency, it cannot be found to be arbi-

trary and will be sustained." *Taylor v. Coblin*, Ky., 461 S.W.2d 78, 80 (1970). Substantial evidence has been conclusively defined by Kentucky courts as that which, when taken alone or in light of all of the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), *citing Blankenship v. Lloyd Blankenship Coal Co., Inc.*, Ky., 463 S.W.2d 62 (1970). Although a reviewing court may arrive at a different conclusion than the trier of fact in its consideration of the evidence in the record, this does not deprive the agency's decision of support by substantial evidence. *Fuller*, 481 S.W.2d at 308. Simply put, "the trier of facts in an administrative agency may consider all of the evidence and choose the evidence that he believes." *Cornell*, 796 S.W.2d at 594. The record on appeal amply supports the Board's findings. Because we find that the Board's findings are supported by substantial evidence, those findings were binding upon the Laurel Circuit Court and are upon this court.

■ The Cabinet also asserts that the Board erred in failing to find contributive or comparative fault on the part of Robert. Contrary to this allegation by the Cabinet, the Board found:

> [t]here was no evidence introduced by [the Cabinet] regarding the impropriety of Robert Thurman traveling on the shoulder of the weigh station. In fact, Trooper Hale and Officer Moberly testified that it wasn't unusual for someone to use the grassy area or the shoulder. The two officers testified that they would also have driven their vehicles in the same manner as Mr. Thurman.

Based upon this finding by the Board, we find no error. Although the Cabinet makes several arguments in its brief before this court regarding Robert's contributory or comparative fault, we may not substitute our judgment for that of the trier of fact nor make new findings of fact.

■ The Cabinet also argues that the Board erred in allowing recovery for claims which it alleges are dependent claims according to K.R.S. § 44.070(1), which provides:

> ... the Commonwealth, its cabinets ... shall not be liable for collateral or dependent claims which are dependent on loss to another and not the claimant, damages for mental distress or pain or suffering, and compensation shall not be allowed, awarded, or paid for said claims for damages.

Specifically, the Cabinet argues that the Thurmans' loss of affection and companionship claims, based on the loss of their son, were abolished under the 1986 amendments to the Board of Claims Act. We disagree. The Cabinet has cited us to no provision of this amendment to support this contention, nor can we find any on our own. To the contrary, the Supreme Court's holding in *Dep't. of Educ. v. Blevins*, Ky., 707 S.W.2d 782, 785 (1986), expressly held that "loss of affection and companionship of a child caused by the child's death is not 'pain and suffering,' " and therefore does not fall within the prohibited recovery of K.R.S. § 44.070(1). *See* Kurt Meier, *State Board of Claims— Liability and Limitations*, Vol. 58, No. 1, Winter 1994, Ky. Bench & Bar 14.

■ Finally, the Cabinet argues that it was denied a fair hearing by the Board. In support of this contention, the Cabinet argues that an ex parte communication occurred between the Thurmans and the Hearing Officer regarding a related claim filed by the Thurmans in federal court. The Thurmans filed suit against the manufacturer of the automobile in which they were traveling for manufacturer's liability. The case was settled in a confidential settlement prior to the decision by the Hearing Officer. Pursuant to the settlement terms, the Thurmans were prohibited from revealing any of the specifics of the settlement. The Thurmans delivered to the Hearing Officer in a sealed envelope the terms of the settlement to be used only in the event that the Hearing Officer might determine the settlement to be an offset to an award by the Board. K.R.S. § 44.070 provides:

> ... any damage claim awarded shall be reduced by the amount of payments received or right to receive payment from workers' compensation insurance, social security programs, unemployment insurance programs, medical, disability or life insur-

ance programs or other federal or state or private program designed to supplement income or pay claimant's expenses or damages incurred.

While this statute allows a damage award against the Commonwealth to be reduced by an amount paid by specifically enumerated sources, voluntary settlements by a joint tortfeasor is not one of these sources. *Central Kentucky Drying Co. v. Dep't. of Hous.*, Ky., 858 S.W.2d 165, 168 (1993). We therefore find no error on the part of the hearing officer.

Accordingly, the decision of the Laurel Circuit, affirming the Board's decision, is affirmed.

All concur.