COMMONWEALTH of Kentucky TRANS-PORTATION CABINET DEPARTMENT OF HIGHWAYS, Appellant,

v.

Kenneth SHADRICK, (administrator of unborn viable fetus named baby Shadrick), Kenneth Shadrick, (administrator of estate of Angela Shadrick) and Kentucky Board of Claims, Appellees.

No. 96–SC–696–DG.

Supreme Court of Kentucky.

Dec. 18, 1997.

Andrew Martin Stephens, Lexington, for Appellant.

Randy G. Clark, Pikeville, for Appellee.

GRAVES, Justice.

This is a review of a Court of Appeals decision which reversed an order of the Floyd Circuit Court dismissing Kenneth Shadrick's petition for review of a decision by the Board of Claims ("Board"). Shadrick had filed a wrongful death claim in his individual capacity and as administrator of the estates of his wife, Angela Shadrick, and his unborn child, Baby Shadrick, as a result of their deaths in an automobile accident. The claim was premised upon the failure of the Commonwealth of Kentucky Transportation Cabinet, Department of Highways ("Department"), to effectuate the removal of a truck parked on the right-of-way of a highway, located eight and one-half feet from the traveled portion of the highway and seven feet from the shoulder of the highway. The Board dismissed the complaint, finding that there was "no causal connection between the conduct of the Department and the resulting losses." The circuit court sustained the Board's findings and dismissed Shadrick's petition for review.

Upon petition for review before the Court of Appeals, the majority held that comparative negligence principles should be applied, and remanded the case to the Board for a determination of the percentage of fault attributable to the respective parties. This Court accepted discretionary review, and for reasons stated herein, we reverse the decision of the Court of Appeals and reinstate the judgment of the circuit court.

On a cold, rainy night in February 1989, Angela Shadrick lost control of her Chevette automobile while rounding a curve on Kentucky Highway 122 in Pike County, Kentucky. The vehicle left the roadway and impacted with a dump truck that was parked in the Department's right-of-way in front of a junkyard. The truck had been in the location for several months. In fact, some nine months before the accident, the Department had sent a notice to the junkyard owner to clear the right-of-way of "improper recycling material." This notice referred to a vehicle of some sort. While it was not proven with certainty that the dump truck was the same vehicle referred to within the notice, it may have been the subject of the notice.

Angela Shadrick, who was eight months pregnant, was killed as was her unborn child. Kenneth Shadrick, her husband, was also injured. As a result, an action was filed in the Board of Claims against the Department. The basis of the complaint was that the Department either knew or should have known that the junked truck posed a threat to the traveling public, as it was left sitting in the right-of-way of the highway. It was alleged that the Department's disregard for the unsafe condition led to the decedents' deaths. Shadrick claimed that the truck was an obstruction which the Department either should have (1) removed or (2) required that it be removed.

The Board determined that the Department did not breach any duty owed to the

Shadricks and could not be held liable for the action or inaction of the junkyard owner. The Board concluded that Angela Shadrick had a duty to maintain a lookout, and that she did not, in fact, proceed with reasonable care. Furthermore, the Board held that the injuries sustained by the Shadricks were not foreseeable by the Department. The Board determined the only negligent participants were Angela Shadrick and the owner of the dump truck.

In a published opinion, a majority of the Court of Appeals held that as a matter of law, the Department should have known that the junkyard owner was parking vehicles as close as eight and half feet from the roadway. Further, the court found that the placement of the truck clearly created a risk of foreseeable harm which could have been abated by the Department at a modest expenditure of public resources. The majority opined that it is common experience for even the best of drivers to occasionally run off of the side of the roadway, thus deviations from the traveled portion of the highway are to be expected. As such, the Court of Appeals concluded that a reasonable person should have foreseen the risk of harm under the circumstances presented in this case. "Given the foreseeability of the harm, and with no strong public policy reason countervailing, the interest of the appellant (and plaintiff) are worthy of protection against the type of conduct exhibited by the Department."

While acknowledging that case law imposes a duty upon the Department only to maintain the Commonwealth's highways in a reasonably safe condition for those members of traveling public "who exercise due care for their own safety", *see Swatzell v. Commonwealth*, Ky., 441 S.W.2d 138 (1969) and *City of Paintsville v. Spears*, 242 Ky. 762, 47 S.W.2d 727 (1932), the Court of Appeals theorized that such cases and their terminology were decided under contributory negligence principles. The majority concluded that the claims in those cases, as well as that in the instant case, would not be barred under the present theory of comparative negligence. The dissenting opinion, however, argued the majority had misinterpreted precedent and significantly departed from the law in this jurisdiction. We agree.

To establish actionable negligence on the part of the Department of Highways, a claimant must establish: (1) a duty on the part of the Department; (2) a breach of that duty; and (3) consequent injury. The absence of any one of the three elements is fatal to the claim. *Mullins v. Commonwealth Life Ins. Co.*, Ky., 839 S.W.2d 245, 247 (1992); *Illinois Central R.R. v. Vincent*, Ky., 412 S.W.2d 874, 876 (1967); *Warfield Natural Gas Co. v. Allen*, 248 Ky. 646, 59 S.W.2d 534, 536 (1933).

■ The Department's duty with respect to the maintenance of roads is to maintain them in a reasonably safe condition for those members of the traveling public exercising due care for their own safety. *Commonwealth of Kentucky, Transportation Cabinet, Bureau of Highways v. Roof*, Ky., 913 S.W.2d 322 (1996); *Commonwealth Department of Highways v. Automobile Insurance Co.*, Ky., 467 S.W.2d 326 (1971); *Department of Highways v. General and Excess Insurance Co.*, Ky., 355 S.W.2d 695 (1962); *Swatzell, supra*. Contrary to the holding below, we can find no duty imposed upon the Department with respect to the maintenance of roads to guard against *all* reasonably foreseeable and reasonably preventable harm to travelers, including those who are not exercising due care but whose lack of due care is not "so extreme as to be unforeseeable." Further, we are compelled to agree with the language of the Court of Appeals dissenting opinion:

In this case, we are not dealing with liability based on a negligent act or misfeasance by an individual but with liability based on a failure to act or nonfeasance by a governmental agency. Failure to act or nonfeasance by an individual or a governmental agency cannot subject either to liability unless there first was a duty to act owed to the person who claims to have been injured by the inaction.

In *Dillingham v. Dept. of Highways*, Ky., 253 S.W.2d 256 (1952), we held that the state

is not liable for failure to keep highway shoulders in reasonably safe condition for travel, except as to defects which are obscured from the view of ordinary travelers and are so inherently dangerous as to constitute traps. This concept was revisited in *Falender v. City of Louisville*, Ky., 448 S.W.2d 367 (1969), in which the Court stated, "[a]n 'inherently dangerous' situation or a 'trap' is nothing more or less than a condition not 'reasonably safe'." *Id.* at 370.

 We are of the opinion that the Board was not bound, as a matter of law, to conclude that the presence of the truck on the side of the highway in this case, eight and a half feet from the traveled area, violated any duty imposed upon the Department. The truck was in view of the traveler and not so inherently dangerous as to constitute a trap. The truck did not impede the flow of normal traffic. An obstruction in plain view of passing motorists simply does not constitute "a condition not reasonably safe." *Id.* We decline to extend the law to the point of guaranteeing that every right-of-way will be completely free of all obstructions, whether permanent or transitory, for motorists who operate their vehicles into that area of the roadway. Right-of-ways on non-limited access highways were designed for maintenance and drainage, not vehicles in peril. It would be unreasonable and impractical to hold the Department responsible for the negligence of others.

The Court of Appeals erred in remanding this case for a determination of the percentages of fault among the parties. Whether Angela Shadrick was or was not contributorily negligent has no bearing on the determination of whether the Department breached a duty owed to the Shadrick family. Admittedly, the rule of comparative negligence acts to alleviate the complete barring of a claim. However, it has nothing to do with whether a duty was owed by a particular party to another or whether that duty was breached.

 After hearing testimony and reviewing extensive evidence, the Board determined that the Department had not breached any duty to the Shadricks and its conduct was not a causative factor in this accident. Further, the Board concluded that the injuries sustained by the Shadricks were not, and should not have been foreseeable by the Department. The Board's findings should not be disturbed if they are supported by substantial evidence. *Taylor v. Coblin*, Ky., 461 S.W.2d 78 (1970); *Swatzell, supra; Commonwealth Transportation Cabinet, Department of Vehicle Regulation v. Cornell*, Ky. App., 796 S.W.2d 591 (1990).

> Although a reviewing court may arrive at a different conclusion than the trier of fact in its consideration of the evidence in the record, this does not deprive the agency's decision of support by substantial evidence. Simply put, 'the trier of facts in an administrative agency may consider all of the evidence and choose the evidence that he believes.' *Cornell*, 796 S.W.2d at 594.

*Transportation Cabinet v. Thurman*, Ky. App., 897 S.W.2d 597 (1995).

We are of the opinion that the Court of Appeals substituted its judgment for that of the Board. Such is all the more erroneous in light of the Court of Appeals' concession that its decision was made in the absence of the Board of Claims record. We conclude that the Board's findings are supported by substantial evidence and, as such, these findings were binding on the circuit court and Court of Appeals. *Id.* Accordingly, we reverse the decision of the Court of Appeals and reinstate the order of the Floyd Circuit Court dismissing Kenneth Shadrick's petition for review.

COOPER, GRAVES, JOHNSTONE, WINTERSHEIMER, JJ., and BENJAMIN L. KESSINGER, Jr., Senior Judge, concur.

LAMBERT, J., concurs in result only and files a separate concurring opinion.

STUMBO, J., dissents in a separate opinion.

STEPHENS, C.J., not sitting.

LAMBERT, Justice, concurring.

I concur with the result of the majority opinion but disagree with its analysis of the legal duty owed by the Department of Transportation. KRS 44.070 provides, under the Board of Claims Act, that the Commonwealth shall "compensate persons for damages sustained to either person or property as a proximate result of negligence on the part of the Commonwealth...." This statute amounts to a limited waiver of sovereign immunity, a doctrine of law which would otherwise insulate the Commonwealth from liability, but as waived constitutes an adoption of common law negligence principles. *University of Ky. v. Guynn*, Ky.App., 372 S.W.2d 414 (1963).

This Court has acknowledged the existence of a "universal duty" of due care with respect to those who may be foreseeably injured by negligent conduct. *Grayson Fraternal Order of Eagles v. Claywell*, Ky., 736 S.W.2d 328 (1987). As such, I believe the Commonwealth has a duty to exercise ordinary care for the safety of whomever might be foreseeably injured by its negligence. If the injuries inflicted upon plaintiff by the Commonwealth's negligence are reasonably foreseeable, liability should attach.

I have concurred with the majority herein upon the view that the act causing the injuries and damages was not reasonably foreseeable. The obstruction was simply too far from the traveled portion of the road to have been the proximate cause.

STUMBO, Justice, dissenting.

Respectfully, I must dissent from the majority opinion. The separate opinion, written by Judge Anthony Wilhoit when this case was before the Court of Appeals, perfectly captures the essence of my reasoning. Judge Wilhoit wrote:

> The Cabinet owes a duty to travelers on its roads to act to maintain those roads in a reasonably safe condition for travelers who are exercising due care for their own safety. There is no duty to make the roads safe for the travel of negligent drivers or to maintain them in such a condition as to guard against all risks of harm which are [not] reasonably foreseeable and reasonably preventable. The question to be answered in this case is whether the presence of the truck off the highway rendered travel on the highway unsafe to travelers exercising due care for their own safety. That precise question has never been answered by the factfinder, thus, I believe remand for further proceedings is necessary.