**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Amanda GUFFEY (now Melton), in her capacity as Administratrix of the Estate of Jeremiah Guffey, deceased; and Kentucky Board of Claims, Appellees.**

No. 2006–SC–000436–DG.

Supreme Court of Kentucky.

Jan. 24, 2008.

Andrew Martin Stephens, Lexington, KY, Counsel for Appellant.

Richard Hay, Rhonda G. Hatfield–Jeffers, Somerset, KY, Van F. Phillips, Monticello, KY, Counsel for Appellee, Amanda Guffey (now Melton).

G. Mitchell Mattingly, Board of Claims, Frankfort, KY, Counsel for Appellee, Kentucky Board of Claims.

Opinion of the Court by Justice
CUNNINGHAM.

The issue before this Court is whether the Department of Highways owes a duty to the operator of an all-terrain vehicle (ATV) who is riding his ATV upon a public highway, even though persons are prohibited by statute from operating ATV's upon public roadways. The Court of Appeals held that the Department of Highways does owe such a duty, and this Court agrees.

On March 11, 2001, Jeremiah Guffey, age 19, was killed when he and the ATV he was operating struck a cable which had been placed across an old abandoned section of Highway 167 in Wayne County. Prior to the accident, Jeremiah, followed by his friend Josh Bennett, proceeded on their ATV's along the newer portion of Highway 167 for approximately 100 feet. Upon approaching the intersection of that highway with the older section of the road, which was no longer being used by the traveling public, both men veered to the left and drove their ATV's onto the old, abandoned road. Jeremiah traveled approximately 70 feet before striking a cable which had been stretched across the road and connected at each end to a wooden post. This obstruction had been placed there by a previous adjacent landowner, but was maintained by the current adjacent landowners, Bobby and Katy York, apparently to prevent access to their private property.

The critical facts of this case are undisputed. Old Highway 167 is owned by the Commonwealth of Kentucky. At the time of the accident, it had not been used by the general public as a main thoroughfare for approximately twenty years. However, the Transportation Cabinet retained ownership of that portion of the old highway for the purpose of maintaining a guardrail running along the shoulder of the road leading up to and slightly past the point where the cable had been stretched. The old roadway is. paved, and, in fact, leads to a dead end at another guardrail where an old bridge has been removed.

It is also undisputed that the Cabinet knew about the cable being stretched across the roadway. The Cabinet's right-of-way agent, David Smith, had not only personally observed the cable stretched across the road, but had also previously met with the Yorks concerning their interest in purchasing a section of old Highway 167. Further, there is no dispute that the cable stretched across the roadway constituted a dangerous condition, and that striking the cable was a substantial factor in causing Jeremiah's death.

Jeremiah's widow, Amanda, filed a claim with the Kentucky Board of Claims in her capacity as Administratrix of his estate. The Board accepted the hearing officer's recommendation, concluding that, as a matter of law, the roadway was not "a public roadway" since it could not be reasonably expected that it would be utilized by the traveling public. Secondly, the Board concluded that the accident was not foreseeable because the Cabinet could not have expected anyone to operate an ATV upon this roadway in violation of KRS 189.515(1).

On appeal, the Wayne Circuit Court reversed the decision of the Board of Claims stating that, as a matter of law, the Transportation Cabinet had a duty to keep the roadway in reasonably safe condition. Further, with full notice of the existence of the cable stretched across the roadway, the Cabinet failed to comply with that duty. The circuit court also held, as a matter of law, that Jeremiah's accident was foreseeable and went on to assess damages. It stated that for Jeremiah's estate to recover the full statutory maximum of $200,000.00 from the Board of Claims[1], fault would have to be apportioned against the Transportation Cabinet at approximately 16%. The circuit court accepted the fact-finding of the Board of Claims, and, as a matter of law, Jeremiah's estate then became entitled to the full statutory award of $200,000.00, less any applicable set-offs, for a total award of $197,292.64, plus court costs and interest.

■ We believe that the circuit court correctly addressed the principal legal issues raised by Appellant on appeal. It is long standing law that in order to establish negligence on the part of the Department of Highways, a claimant must establish: (1) a duty on the part of the Department; (2) a breach of that duty; and (3) consequent injury. *Commonwealth, Transp. Cabinet, Dep't of Highways v. Shadrick*, 956 S.W.2d 898, 900 (Ky.1997); *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992); *Illinois Central R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky.1967); *Warfield Natural Gas Co. v. Allen*, 248 Ky. 646, 59 S.W.2d 534, 536 (1933). The absence of any one of the three elements is fatal to the claim.

The Board of Claims deemed that Appellant had no duty to Jeremiah, finding that the roadway in question was not "a public roadway" which Appellant could reasonably expect would be utilized by the

1. See KRS 44.070(5).

traveling public, and that Appellant did not owe a duty to Jeremiah because he was in violation of KRS 189.515(1) by operating his ATV upon this segment of the roadway. More specifically, the Board held that "[i]t is not reasonable, then, to infer that any duty would extend from the Defendant to a traveler operating an ATV on a public roadway, given that such operation is forbidden by statute."

We hold that these two findings are inconsistent. KRS 189.515(1) states in part that a person shall not operate an all-terrain vehicle upon any public highway or roadway or upon the right-of-way of any public highway or roadway. For Jeremiah to have been violating this statute, then by its very definition that segment of the highway upon which the accident occurred would have had to have been a "public roadway." The Commonwealth cannot claim that this segment of highway was not a public roadway, and at the same time find that Jeremiah was in violation of the statute by operating his ATV upon a "public highway or roadway."

■ Furthermore, we agree with the Wayne Circuit Court, as well as the Court of Appeals, that damages resulting from the operation of an ATV upon a public highway that has been obstructed by a cable stretched across it are certainly foreseeable. As stated by the Court of Appeals, prosecutions under the law for the riding of an ATV upon a public highway are commonplace. In fact, when one observes the photograph of that segment of the public road where this tragedy occurred, it appears as a trap or flagrant hazard for ATV operators.

The Board of Claims erroneously rooted its holding in the case of *Shadrick, supra.* That case is clearly distinguishable from the one before us. In *Shadrick,* the collision occurred between a driver and a truck parked eight and one-half feet off of the traveled portion of the roadway, but yet still on the right-of-way of that same road. This Court held that the truck parked on the side of the road was not so inherently dangerous as to constitute a trap. 956 S.W.2d at 901. Here, however, the cable stretched across a public road by a known trespasser, and with full knowledge of the Transportation Cabinet, was indeed a treacherous trap.

Furthermore, *Shadrick* dealt with an obstruction within the right-of-way of a roadway, but not within the traveled portion of a highway. Here, the public roadway had been made impassable without almost certain injury. In *Shadrick,* the driver negligently drove off of the traveled portion of a road before hitting a truck. Here, the driver was clearly upon the traveled portion of the public road at the time of the accident.

The Board of Claims erroneously held that the Cabinet was exonerated from exercising any duty as to Jeremiah's safety simply because he was illegally driving his ATV upon a public highway. Under this premise, would the Cabinet also be exonerated if a person illegally operating a motorcycle, or perhaps even a motor vehicle, upon that portion of the road had struck the cable with equally deadly results? The Transportation Cabinet does not escape liability.

■ Also, the Board of Claims concluded that a person illegally operating a vehicle upon a public highway is not a member of the "traveling public." To accept that reasoning, one would have to conclude that those persons driving vehicles upon public highways with expired license plates, suspended drivers' licenses, or other more innocuous violations, could be mangled at will by state sponsored indifference. Indeed, what person would dare conclude that the tragic result suffered by the

young man in this case should be completely laid upon his estate for his relatively minor violation of the law?

This Court, in *Commonwealth, Dep't of Highways v. Automobile Club Ins. Co.*, 467 S.W.2d 326, 328 (Ky.1971), *overruled on other grounds in Commonwealth, Transp. Cabinet, Dep't of Highways v. Babbitt*, 172 S.W.3d 786 (Ky.2005), stated as follows:

> [T]he public authority having control over a highway has a duty to keep it in a reasonably safe condition for travel, to provide proper safeguards, and to give adequate warning of dangerous conditions in the highway.... However, it is the [Department of Highways'] duty to furnish adequate protection for the general traveling public and users of the highway facilities.

Even in *Shadrick*, 956 S.W.2d at 900, the Court reaffirmed the Department's duty to exercise ordinary care to maintain the Commonwealth's highways in reasonably safe condition for the traveling public.

We agree with the Court of Appeals that Jeremiah was a member of the traveling public, even though he was in violation of KRS 189.515(1). Furthermore, the damages resulting from Jeremiah riding his ATV upon that portion of a public roadway which had been obstructed by a cable stretched across it were certainly foreseeable. And, under the doctrine of comparative negligence, while Jeremiah's damages may be limited by his actions, his violation of the law does not bar recovery.

For all of the foregoing reasons, we affirm in part the decision of the Court of Appeals. In the findings of fact, conclusions of law, and judgment entered by the Wayne Circuit Court on September 10, 2004, it not only reversed the holdings of the Board of Claims, but entered findings as to damages. In doing so, the circuit court exceeded its authority as set out in KRS 44.140(5) and made independent findings of fact as to damages, as well as to apportionment. The jurisdiction of the circuit court, sitting in review of a decision arising from the Board of Claims, is limited to the powers and duties enumerated in the statutes. *See Commonwealth, Dep't of Parks v. Bergee Bros. Inc.*, 480 S.W.2d 158, 159–60 (Ky.1972). Within the confines of the statutes, a circuit court is not empowered to make an award when the Board of Claims has refused to make one, but is limited to remanding the case to the Board. *See Kentucky State Fair Bd. v. Nicklies*, 361 S.W.2d 289, 290 (Ky.1962). Thus, for this reason we reverse that portion of the judgment dealing with damages, and remand this case to the Board of Claims to make proper apportionment of liability among the landowners who maintained the cable, Jeremiah Guffey, and the Commonwealth up to $200,000.00.

All sitting. All concur.