Sycilla COLLINS, Individually and as Administratrix of the Estate of Leonard E. Collins, Jr., Deceased, Appellants

v.

COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT OF HIGHWAYS, Appellee

2015–SC–000675–DG

Supreme Court of Kentucky.

APRIL 27, 2017

COUNSEL FOR APPELLANT: Darrell Hall

COUNSEL FOR APPELLEE: Bridget Leigh Dunaway, John Carter, TOOMS & DUNAWAY, PLLC

## OPINION OF THE COURT BY JUSTICE CUNNINGHAM

Appellant, Sycilla Collins, individually and as administratrix of her husband, Leonard Collins, Jr.'s, estate, appeals the Court of Appeals' decision to reverse an order of the Letcher Circuit Court reversing and remanding the Board of Claims' (the "Board") order of dismissal.

The facts underlying this appeal concern a motor vehicle accident that occurred on September 20, 2000. On that day, Mr. Collins was operating a school bus on U.S. Highway 119 in Letcher County, Kentucky. The particular stretch of highway where the accident occurred narrows and meanders across Pine Mountain. This portion of the highway is classified as "non-designated." Pursuant to Kentucky Revised Statute ("KRS") 189.221, the width and length restrictions for non-designated highways are limited to vehicles under ninety-seven inches in width and fifty-four feet in length. Despite these restrictions, an oversized tractor-trailer, measuring at 102 inches in width and sixty-eight feet in length, collided with Mr. Collins' school bus, resulting in his death.

Approximately one year later, Appellant filed a claim with the Board alleging that the Commonwealth of Kentucky Transportation Cabinet's Department of Highways ("Department of Highways") was negligent in failing to enforce the length and width restrictions on U.S. Highway 119 and that such negligence resulted in Mr. Collins' death. An evidentiary hearing was held during which Appellant supplied evidence that only four citations were issued on Pine Mountain between 1998 and 2000. Appellant also proffered Department of Vehicle Enforcement Officer Jeff Jacobs' testimony that even though he was in charge of patrolling Letcher County, he had never actually traveled across Pine Mountain. Following the hearing, the Board Hearing Officer made his Recommended Findings of Fact, Conclusions of Law, and Judgment. The Recommendation stated that while the Department of Highways had a ministerial duty to enforce the length and width restrictions, this duty only required the Department of Highways to act reasonably, not to halt every oversized vehicle on the highway. In other words, Appellant had failed to demonstrate that the Department of Highways was negligent in performing its duty to enforce the vehicle size restrictions. The Board accepted the Hearing Officer's Recommendation on April 17, 2008.

Appellant subsequently appealed to the Letcher Circuit Court who remanded the case back to the Board. The trial court instructed the Board to investigate whether the size restrictions were being equally enforced on U.S. Highway 119 compared to other areas in the state during the relevant time period. On July 7, 2011, a Board Hearing Officer once again recommended denying Appellant's claim. As instructed by the trial court, the Hearing Officer focused on the number of citations distributed in other Kentucky counties, such as McCracken, Jefferson, Fayette,

and Madison. The Hearing Officer determined that enforcement on U.S. Highway 119 was equally comparable to the other counties. The Hearing Officer also concluded that there was no causative relationship between the Department of Highways' actions, or lack of actions, and Appellant's damages. Once again, after the Board accepted the Hearing Officer's Recommendation, Appellant sought an appeal in the Letcher Circuit Court.

On April 1, 2014, the Letcher Circuit Court reversed the Board's ruling as not being supported by substantial evidence. First, the trial court explained that the Department of Highways had a ministerial duty to enforce the size restrictions on U.S. Highway 119 pursuant to KRS 189.221. The trial court further stated that the hearing testimony supported a conclusion that the Department of Highways negligently performed this duty when it failed to pull the oversized tractor-trailer over. The trial court ultimately remanded the case back to the Board for it to apportion liability. The Department of Highways subsequently filed an appeal with the Court of Appeals.

On October 30, 2015, the Court of Appeals reversed the Letcher Circuit Court's ruling and affirmed the Board's decision to dismiss Appellant's claim. However, unlike the previous dispositions, the Court of Appeals found that no duty existed on which to base liability. More specifically, the Court of Appeals explained that the Department of Highways owed a general duty to the public at large, not to Appellant or her husband individually. In formulating its conclusion, the Court of Appeals quoted, at length, the case of *Ashby v. City of Louisville*, 841 S.W.2d 184 (Ky. App. 1992). This case stands for the proposition that absent a "special relationship" a governmental agency does not owe individual citizens a duty to protect them from crime.

Therefore, the Court of Appeals held that while Appellee owed a general duty to the public to enforce the width and length restrictions on U.S. Highway 119, it did not owe Mr. Collins a specific duty to prevent his accident. Appellant sought discretionary review with this Court, which we summarily granted.

Our analysis begins with the necessary elements of an actionable negligence claim. In order to establish negligence, Appellant is required to prove: (1) a duty on the part of the Department of Highways; (2) a breach of that duty; and (3) consequent injury. *Commonwealth of Kentucky Transportation Cabinet Department of Highways v. Shadrick*, 956 S.W.2d 898, 900 (Ky. 1997). This Court will apply a *de novo* review to these issues of law. *Rowan County v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006); *see* KRS 44.150.

Throughout the history of this case, the trial court and Board have both delved into the question of whether the Department of Highways has availed itself to suit by virtue of negligently performing a ministerial duty. In doing so, these lower courts have assumed the existence of a duty on the part of the Department of Highways. However, similar to the Court of Appeals, this Court believes a more intensive analysis is necessary. In reviewing Appellant's complaint, she alleges that the "Department of Highways was at fault because it failed to enforce the length and width restrictions for U.S. Highway 119 thereby acting negligently and violating its duty of care." The *only* evidence Appellant has supplied to establish that the Department of Highways had a duty to enforce the size restrictions on U.S. Highway 119 is KRS 189.221. This is the statute proscribing the width and length restrictions on non-designated highways. Nowhere in this statute is the Department of Highways, or the Transportation Cabinet for

that matter, named as the enforcing agency. Again, we must underscore, that Appellant failed to supply any statutory or regulatory evidence that the Department of Highways is charged with the duty to enforce KRS 189.221.

It is important to note, although neither party has cited this statute, that KRS 281.765 imposes upon "peace officers" the specific statutory duty of "enforce[ing] the provisions" of the motor vehicle laws of the Commonwealth. Peace officers, within the meaning of the statute, include almost all law enforcement agents, including Vehicle Enforcement Officers ("VEO"). *See* KRS 281.765. In 2000, when Mr. Collins' accident occurred, the Department of Transportation's Division of Motor Vehicle Enforcement, a division of the Department of Vehicle Regulation, had administrative authority over VEO's. Yet, Appellant is not arguing that a specific VEO negligently performed his or her job. To do so, would require proof that a VEO was patrolling that specific stretch of highway and ignored the tractor-trailer's oversized load. Nor did Appellant name the Division of Motor Vehicle Enforcement as a defendant in this action.[1] Thusly, we assume Appellant's claim is predicated on a duty that the Department of Highways was required to secure a patrolling VEO on the mountain in order to enforce the size restrictions. However, as this Court has already explained, there is no evidence from which it can be ascertained that the Department of Highways was responsible for enforcement. Moreover, this Court has seen no evidence indicating that the Department of Highways had the power to allocate VEO's, or that it maintained appointing or managing authority over VEO's. Conse-

quently, we must conclude that the Department of Highways was not charged with a statutory or regulatory duty to enforce KRS 189.221's vehicle size restrictions.

■ Of course, statutes and regulations are not the only sources from which duties may be imposed upon state agencies and officers. *See Gaither v. Justice and Public Safety Cabinet*, 447 S.W.3d 628, 635 (Ky. 2014). Indeed, in *Shadrick* the Court stated that "case law imposes a duty upon the Department [of Highways] to maintain the Commonwealth's highways in a *reasonably* safe condition for those members of the traveling public " 'who exercise due care for their own safety[.]' " 956 S.W.2d at 900 (quoting *Swatzell v. Commonwealth*, 441 S.W.2d 138 (Ky. 1969) (emphasis added) ); *see Commonwealth of Kentucky, Transportation Cabinet, Department of Highways v. Guffey*, 244 S.W.3d 79, 81 (Ky. 2008) (acknowledging that the Department of Highways has a common law duty to keep the roadway in a reasonably safe condition).

■ Encompassed within the Department of Highways' duty to keep our highways in a reasonably safe condition is the duty to conduct maintenance and remove dangers that were known or should have been known. *See Commonwealth, Transportation Cabinet, Bureau of Highways v. Roof*, 913 S.W.2d 322 (Ky. 1996) (duty to construct and maintain guardrails); *Guffey*, 244 S.W.3d 79 (duty to remove a cable stretched across a roadway); *Commonwealth of Kentucky, Department of Highways v. Automobile Club Insurance Company*, 467 S.W.2d 326 (Ky. 1971) (duty to erect warning signs and maintain barriers or guardrails at dangerous places on the

---

1. On Page "i" of Appellant's brief to this Court, Appellant wrongly claims that she is seeking an award of damages against the Division of Vehicle Enforcement. Our records indicate that the Division of Vehicle Enforcement was not named as a defendant at any stage of litigation.

highway); *Dillingham v. Department of Highways*, 253 S.W.2d 256 (Ky. 1952) (no duty to "keep highway shoulders in reasonably safe condition for travel, except as to defects which are obscured [and] inherently dangerous . . . .").

■ Based on the aforementioned guiding case law, we cannot conclude that the Department of Highways' common law duty extends to ensuring compliance with the size restrictions of KRS 189.221. The key inquiry into the Department of Highways' common law duty is reasonableness. It is reasonable to expect the Department of Highways to remove a deadly cable stretched across the highway, or to place guardrails on dangerous curves. On the other hand, it would be unreasonable to confer a duty upon the Department of Highways to enforce all traffic laws and to forestall the negligence of third party drivers. *C.f. Shadrick*, 956 S.W.2d 898 (no duty to remove an illegally parked truck within the road's right-of-way).

In summation, Appellant has failed to demonstrate, by way of statute, regulation, or common law, that the Department of Highways had a duty to enforce compliance with the motor vehicle laws of the Commonwealth.

■ While we reach the same result as the Court of Appeals, we differ in our reasoning. Consequently, we must address the Court of Appeals' holding that a duty did not exist based on the special relationship test espoused in *Fryman v. Harrison*, 896 S.W.2d 908 (Ky. 1995). In *Fryman*, our predecessor Court ruled that public officials, in the performance of their official duties, do not have an affirmative duty to protect the public from the criminal acts of others absent "a special relationship between the victim and the public officials." *Id.* at 910. A special relationship exists when (1) the victim is either in state custody or otherwise restrained by the state when the injury occurred and (2) the negligent conduct was committed by a state actor. *Id.* (citing *Ashby*, 841 S.W.2d at 190).

In reviewing our authoritative case law, this Court must disagree that the special relationship test has applicability to the case before us. To illustrate the proper use of the special relationship test, and the policy implications behind it, we look to the case of *City of Florence, Kentucky v. Chipman*, 38 S.W.3d 387 (Ky. 2001). The facts of that case are intensive. To summarize, two officers conducted a traffic stop after suspecting that the driver was under the influence. *Id.* at 389. Despite signs that the driver and victim were drunk, the officers allowed the parties to proceed. *Id.* Shortly thereafter, the driver crashed the car and the passenger suffered fatal injuries. *Id.* at 390. The estate of the deceased passenger brought suit against the two officers. *Id.* The Court was unable to find an affirmative duty on which to base liability since there was no special relationship between the deceased and the defending officers. *Id.* at 392. The Court explained its reasoning as follows:

We agree with the officers that imposing a duty in this case in the absence of a special relationship as required by *Fryman* would be tantamount to establishing a universal duty of care on the police to prevent any third party harm to each and every citizen with whom they have contact regardless of how slight the interaction or brief the duration. As argued by the officers, the result would be exactly what the Court of Appeals suggested which would be to avoid potential liability, officers will simply drive past situations they encounter instead of stopping or investigating. Such a result is not in the public interest and is not required by the law.

*Id.* at 393.

■ What we garner from *Chipman* is that the special relationship test applies

to the general duty of safeguarding the public from criminal acts that result from the negligence of a specific officer or official. *See Fryman*, 896 S.W.2d at 909. This test may have had applicability if Appellant had named the Office of Vehicle Enforcement or a particular VEO as the defendant. In the case before us, however, Appellant's suit is not based on the negligence of any particular officer, nor is it based on the universal duty of law enforcement to keep the public safe from crime. Consequently, we find the special relationship test inapposite.

Having determined that the Department of Highways did not owe Appellant a duty to enforce the size restrictions found within KRS 189.221, the action must be dismissed. Therefore, we hereby affirm the Court of Appeals' opinion, although on different grounds, and remand this case to the Letcher Circuit Court with instructions that it dismiss Appellant's appeal of the Board of Claim's dismissal.

Minton, C.J.; Cunningham, Hughes, Keller, VanMeter, and Venters, JJ., sitting. All concur. Wright, J., not sitting.