RENDERED: APRIL 30, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0298-MR

AUGUST PROPERTIES, LLC                                                 APPELLANT

APPEAL FROM SCOTT CIRCUIT COURT
v.              HONORABLE BRIAN K. PRIVETT, JUDGE
ACTION NO. 15-CI-00204

COMMONWEALTH OF KENTUCKY,
TRANSPORTATION CABINET                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE:  August Properties, LLC, challenges the propriety of the summary dismissal of its claims for injunctive relief to require the Commonwealth of Kentucky, Transportation Cabinet to abate ongoing traffic hazards resulting from heavy traffic backup and ponding water on U.S. Highway 25 South.  August Properties also predicates error on the denial of its claim for inverse condemnation

stemming from the Cabinet's placement of improvements on its right-of-way without compensation. Having reviewed the record in light of August Properties' arguments for reversal, we affirm the judgment of the Scott Circuit Court.

August Properties owns a parcel of land in Georgetown, Kentucky, upon which it operates an office and shopping plaza and a self-storage rental facility. In March 2015, August Properties filed a complaint in Scott Circuit Court alleging that a left-turn lane from U.S. Highway 25 North onto U.S. 460 Bypass West backs up during periods of heavy traffic preventing customers from having ingress to and egress from its businesses. August Properties also complained that the Cabinet's failure to correct this situation creates a continuing traffic hazard endangering the safety of vehicles using the roadways and unreasonably interfering with its businesses. In addition, the complaint alleged that the Cabinet improperly installed a storm water drainage system which overflows during periods of heavy rainfall, causing ponding of water on U.S. 25 and creating a danger to motorists and an unreasonable impediment to the customers of its businesses. Finally, the complaint alleged that the Cabinet placed improvements upon August Properties' right-of-way for which it was never compensated.

In August 2017, the Scott Circuit Court granted the Cabinet's motion for summary judgment concluding that there were no genuine issues of material fact and that the Cabinet was entitled to judgment as a matter of law. By order

entered January 24, 2018, the circuit court granted the Cabinet's motion to alter or amend the August 2017 judgment by correcting a mistake in the final paragraph stating that the summary judgment motion was denied in part and granted in part. The circuit court concluded that it was obvious from the record and a reading of the August 2017 judgment that the court had intended to grant the Cabinet's summary judgment motion on all claims against it. This appeal followed.

August Properties advances three primary arguments in support of its contention that summary judgment was improvidently granted: 1) that the circuit court erred in concluding that no affirmative evidence supported its claim that the Cabinet's removal of a dedicated turn lane into its property constituted a taking for which it is entitled to just compensation; 2) that the circuit court erred in concluding that it failed to offer any statutory enactments or mandatory caselaw imposing a duty on the Cabinet to resolve chronic traffic backup issues; and 3) that the circuit court erred in concluding that it failed to assert a claim distinct from that suffered by the general public regarding the ponding of water on U.S. 25. In particular, August Properties asserts that genuine issues of material fact precluded summary disposition and that the Cabinet was not entitled to judgment as a matter of law.

We commence our discussion of these issues by reiterating the familiar and well-established standard by which appellate courts review a grant of summary judgment:

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. There is no requirement that the appellate court defer to the trial court since factual findings are not at issue. *Goldsmith v. Allied Building Components, Inc.,* Ky., 833 S.W.2d 378, 381 (1992). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc*., Ky., 807 S.W.2d 476, 480 (1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest*, 807 S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor . . ." *Huddleston v. Hughes*, Ky. App., 843 S.W.2d 901, 903 (1992), *citing Steelvest, supra* (citations omitted).

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

We first examine the entry of summary judgment on August Properties' inverse condemnation claim. "Inverse condemnation is the term applied to a suit against a government to recover the fair market value of property which has in effect been taken and appropriated by the activities of the government

when no eminent domain proceedings are used." *Commonwealth, Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Company*, 678 S.W.2d 378, 381 (Ky. 1984). The Supreme Court in *Stearns* emphasized that governmental activity constitutes an inverse taking of private property only when it "involve[s] acts which completely frustrate the landowner's rights and deprive him of the use of his property." *Id*. at 382. Thus, actions for inverse condemnation action are directed at recovering from the government the fair market value of property which has been appropriated.

Here, the complaint alleged only that the Cabinet had placed improvements on August Properties' right-of-way. In granting summary judgment on this claim, the circuit court properly concluded that in order to defeat the Cabinet's motion on the issue of inverse condemnation, August Properties bore the burden of presenting "at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest*, 807 S.W.2d at 482. Concluding that August Properties failed to satisfy this burden, the circuit court specifically found that August Properties failed to establish that it even owned the property for which it sought compensation. Rather, August Properties' response to the Cabinet's motion for summary judgment consisted only of an allegation that it had sent the Cabinet specific information that the property consisted of a 50 by 200-foot strip of land and that the Cabinet had granted a permit to construct a turn lane

-5-

at a cost of $70,000. August Properties' sole support for these assertions was a photograph of an unidentified roadway and a copy of an email from counsel to the Cabinet indicating that August Properties valued the property at $100,000. Because our review of the record confirms the circuit court's finding that August Properties failed to provide a copy of a deed or other document supporting its claim of ownership of the property, a copy of the alleged turn-lane permit, or even a more specific identification of the property allegedly taken and/or the nature of the Cabinet's "improvements" it claims constituted a taking, we perceive no error in the circuit court's conclusion that the failure to adduce "some affirmative evidence" to counter the Cabinet's motion warranted summary dismissal of the inverse condemnation claim.

Next, August Properties argues that the circuit court erred in summarily dismissing its claims predicated upon the Cabinet's failure to abate chronic traffic problems and the pooling of water on the roadway near its property. The complaint sought an order directing the Cabinet "to take any and all measures to correct" traffic backup due to the existence of improper turn lanes and the pooling of water caused by the Cabinet's installation of an improper drainage system. Like the circuit court, we are convinced that the Cabinet is entitled to judgment as a matter of law on these claims.

The "clearly established rule in this jurisdiction is that a private citizen is not entitled to injunctive relief to abate a nuisance in a street, such as is here charged to exist, unless he can show an injury distinct from that suffered by the general public." *York v. Chesapeake & Ohio Railway Company*, 240 Ky. 114, 41 S.W.2d 668, 670 (1931). In attempting to establish a distinct injury on its traffic backup claim, August Properties asserted in its complaint that the turn lane traffic backs up past the main entrance to its property "preventing customers . . . from having ingress and egress access to [its] businesses." However, the circuit court ultimately granted the Cabinet's motion for summary judgment on the basis that August Properties had failed to cite any statutory authority or mandatory caselaw imposing a duty on the Cabinet to resolve chronic traffic backups.

In *Collins v. Commonwealth, Transportation Cabinet, Department of Highways*, 516 S.W.3d 320 (Ky. 2017), the Supreme Court addressed a similar question in the context of the Cabinet's common law duty to keep the roadway in a reasonably safe condition:

> Encompassed within the Department of Highways' duty to keep our highways in a reasonably safe condition is the duty to conduct maintenance and remove dangers that were known or should have been known. *See Commonwealth, Transportation Cabinet, Bureau of Highways v. Roof*, 913 S.W.2d 322 (Ky. 1996)(duty to construct and maintain guardrails); [*Commonwealth of Kentucky, Transportation Cabinet, Department of Highways v.*] *Guffey*, 244 S.W.3d 79 [(Ky. 2008)] (duty to remove a cable stretched across a roadway);

*Commonwealth of Kentucky, Department of Highways v. Automobile Club Insurance Company*, 467 S.W.2d 326 (Ky. 1971) (duty to erect warning signs and maintain barriers or guardrails at dangerous places on the highway); *Dillingham v. Department of Highways*, 253 S.W.2d 256 (Ky. 1952) (no duty to "keep highway shoulders in reasonably safe condition for travel, except as to defects which are obscured [and] inherently dangerous . . . .").

Based on the aforementioned guiding case law, we cannot conclude that the Department of Highways' common law duty extends to ensuring compliance with the size restrictions of KRS 189.221. **The key inquiry into the Department of Highways' common law duty is reasonableness.** It is reasonable to expect the Department of Highways to remove a deadly cable stretched across the highway, or to place guardrails on dangerous curves. **On the other hand, it would be unreasonable to confer a duty upon the Department of Highways to enforce all traffic laws and to forestall the negligence of third party drivers.**

516 S.W.3d at 323-24 (emphases added). Pertinent to the question before us, the Supreme Court ultimately concluded that the appellant in *Collins* "failed to demonstrate, by way of statute, regulation, or common law, that the Department of Highways had a duty to enforce compliance with the motor vehicle laws of the Commonwealth." *Id*. at 324. Based upon the rationale set out in *Collins*, we concur in the circuit court's assessment that August Properties' claim is precluded by its failure to identify a statute, regulation, or common law imposing upon the Cabinet an affirmative duty to prevent traffic backup.

-8-

Concerning the water-ponding claim, the circuit court concluded that not only had August Properties failed to establish a claim distinct from that suffered by the general public, but it also failed to allege any injury on its own behalf. Count II of August Properties' complaint states:

11. During construction of improvements to U.S. 25 Highway South by the Transportation Cabinet, the work included placement of a drain for storm water drainoff.

12. During periods of heavy rainfall, the water drain overflows, creating ponding of water onto the lanes of U.S. 25. The Georgetown Police Department has on several occasions had to direct motorists around the hazard.

13. The ponding of water creates a danger to motorists, as well as a danger and an unreasonable impediment to the customers of the Plaintiff's businesses.

14. The Plaintiff has placed the Defendants on notice of the danger created by the improper water drainage system. To date, there has been no response indicating the hazard will be corrected or repaired.

We again return to the rule set out in *York*, *supra*, "that a private citizen is not entitled to injunctive relief to abate a nuisance in a street . . . unless he can show an injury distinct from that suffered by the general public." 41 S.W.2d at 670. August Properties' assertion that the ponding of water creates an "unreasonable impediment" to its customers does not satisfy that standard.

Rather, it appears that August Properties' complaints concerning dangerous conditions caused by traffic backup and ponding water are intended to

-9-

remedy a defect in its claims of unreasonable interference with its business interests. By couching its complaint in terms of claims for injunctive relief concerning dangerous conditions, August Properties avoids the application of a long line of cases holding that business losses are not compensable in condemnation actions. For example, in *Commonwealth, Department of Highways v. Rogers*, our then-highest court unequivocally stated, "We have, of course, held time and time again that business losses resulting from condemnation are not compensable." 399 S.W.2d 706, 707 (Ky. 1965). In *Commonwealth, Department of Highways v. Carlisle*, 442 S.W.2d 294, 296 (Ky. 1969), the Court explicitly held that "loss of access is not a compensable factor if the property owner retains reasonable means of ingress and egress[.]" Finally, in *Commonwealth, Department of Highways v. Cammack*, 408 S.W.2d 615, 617 (Ky. 1966), it was established that "'inconvenience' is not compensable in eminent domain cases." (Citation omitted.)

This brings us back to the question of whether August Properties has properly articulated a duty to abate the ponding water on an adjacent roadway which at times impedes access to its premises. In other words, does the occasional ponding of water during periods of heavy rain constitute an unreasonably dangerous condition that the Cabinet was bound to remedy? We are convinced that it does not.

As the Supreme Court explained in *Commonwealth, Transportation Cabinet Department of Highways v. Shadrick*:

> An obstruction in plain view of passing motorists simply does not constitute "a condition not reasonably safe." We decline to extend the law to the point of guaranteeing that every right-of-way will be completely free of all obstructions, whether permanent or transitory, for motorists who operate their vehicles into that area of the roadway.

956 S.W.2d 898, 901 (Ky. 1997) (citation omitted). This is not to say that in a proper case the Cabinet might not be liable for injuries sustained by its failure to remedy the ponding water or warn motorists of its existence when it occurs. Our holding is simply that the Cabinet cannot be enjoined to take steps to remediate ponding water which may occasionally constitute an unreasonable impediment to customers seeking access to August Properties' businesses.

Because we are convinced that the circuit court correctly determined that August Properties' claims against the Cabinet fail as a matter of law, we affirm the grant of summary judgment in this case.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Noel Mark Botts
Harrodsburg, Kentucky

BRIEF FOR APPELLEE:

William H. Fogle
Frankfort, Kentucky